W. L. BURROWS, AND OTHERS, RESPONDENTS, v. OLIVER G. KIMBALL, AND OTHERS, APPELLANTS.

1. SCHOOL LANDS.—LEASING OF BY COUNTY COURT.—INVALIDITY OF TERRITORIAL STATUTE. —VESTED RIGHT. —Under section 1946, Rev. Stat. United States, reserving sections 16 and 36 to be applied to schools in the several territories therein named, the territorial legislature has no right to pass a law giving authority to lease the school lands to the county court, as the lands are reserved to the United States and are under the actual control of Congress until granted to the state or territory. (Overruling *U. S.* v. *Scott Elliot*, 7 Utah, 389.) The right of an occupant under the territorial law upon school lands is a vested right, of which he cannot he deprived by an

*ex parte* proceeding of a county court, nor can this right be taken away by statute.

2. Statutory Rights.—Statutes Conferring Rights Strictly Construed.—Where a right exists only by statutory enactment, the statute must be strictly construed and followed or the right cannot be enforced.

(No. 469.    Decided July 27, 1894.    41 P. R. 719.)

Appeal from the District Court of the First Judicial District.    Hon. J. W. Blackburn, *Judge.*

Action by W. L. Burrows, and others, against Oliver G. Kimball, and others, for damages and for an injunction to prevent repeated trespasses.    From a decree in favor of plaintiffs, defendants appeal.    *Reversed.*

[It will be seen from the subjoined opinion that the court promised to file a more extended opinion giving the specific grounds upon which the decision is based, but failed to do so, but on account of the importance of the question involved, it is deemed well to make known the decision of the court.    The record shows that the land in dispute between the various parties, section 16, adjoined the town of Schofield, Emery county, Utah.    In 1890, the territorial legislature passed an act in regard to the leasing of school lands, Session Laws 1892, p. 95.    Both plaintiffs and defendants made applications for different portions of this school section to the county court, and the county court without notice to the defendants granted a lease of the whole section to the plaintiffs.    Both plaintiffs and defendants had made certain improvements upon the land. —Rep.]

*Mr. John M. Zane,* for appellants.

Appellants urge two grounds why the judgment can not stand.    First—*The lease made to the plaintiffs by the county*

*court of Emery county was invalid, because the law as to the leasing of school lands was not followed.* A statute of this character must be strictly followed, and it is admitted here by the record that the statute has not been observed either in the matter of notice or of settling conflicting claims. The right of an occupant upon school lands under the territorial law is a vested right. Even if there is a conflict as to right of occupancy, nevertheless this right can not be taken away by *ex parte* proceedings of the county court. The supreme court has held a right even more precarious than the right of an occupant on a school section to be a vested right which can not be taken away by statute. *U. S.* v. *Tithing Yard,* 9 Utah, 273; *Hindman* v. *Stowe,* 9 Utah, 23. Even, however, conceding that this statute could take away this vested right in the manner provided for, nevertheless, in such case, the statute must be strictly followed. *Baker* v. *Burroughs,* 21 S. W. R. 295; *Baker* v. *Milman,* 21 S. W. R. 297; *Wood* v. *Wesson,* 22 S. W. R. 1069; *Best* v. *Baker,* 22 S. W. R. 1067; *Ward* v. *Warshaw,* 14 S. W. R. 453; *Baker* v. *Milman,* 13 S. W. R. 618.   Second—*The territorial legislature had no right to pass the law giving authority to lease the school lands to the county court.* The record shows that at the time of leasing, and theretofore, defendants had been in possession of portions of this land. It is true that there had been contentions as to who was entitled to the possession, but as to the right of possession the findings are silent, and plaintiffs must base their right to recover wholly upon the lease made by the county court under the territorial law. It is incompetent for the legislature in this manner to destroy the vested right of an occupant of the school lands. *U. S.* v. *Tithing Yard, supra; Hindman* v. *Stowe, supra.* This statute professes to take away a vested right simply by the arbitrary act of a county court without a party being given a chance to

be heard in court; but passing that question by, there was no control or authority over these school lands lodged in the territorial legislature. Under sec. 1946, Rev. Stat. U. S., these lands are reserved for school purposes. They are under the absolute control of congress until actually granted. This has been the uniform holding of the land department of the United States. 2 Copp's Pub. Lands, 1112; 1 Id. 629; 1 Dec. Dept. Int. 632, per Schurz, sec'y; 4 Dec. Dept. Int. 390, per Lamar, sec'y; 6 Dec. Dept. Int. 71, per Muldrow, acting sec'y; 6 Dec. Dept. Int. 412, per Lamar, sec'y; 9 Dec. Dept. Int. 333, per Chandler, acting sec'y. On general principles, a reservation is always something reserved to the grantor, not to a stranger. Co. Litt. 47a, 213a; *Pub. Schools* v. *Walker,* 9 Wall. 282. The uniform history of legislation in this country is never to treat these reservations as grants. Every time a state has been admitted these school lands have been granted to the state. 2 Stat. at L. 233; 3 Stat. at L. 163; 10 Stat. at L. 277; 12 Stat. at L. 127; 25 Stat. at L. 258, 393, 676, granting lands theretofore reserved by section 1946, Rev. Stat. U. S. Title to these school sections is in the United States. *Hindman* v. *Stowe, supra; Barkly* v. *U. S.,* 19 Pac. Rep. 36; *U. S.* v. *Bissell,* Id. 251. Although these two cases are disapproved in *U. S.* v. *Elliot,* 7 Utah, 392, they are not disapproved as to the reservation not being a grant. See, also, *Trustees* v. *Schroll,* 120 Ill. 509.

*Mr. William H. King,* for respondents.

The position of respondents is that under section 1946, Rev. Stat. U. S., the reservation, sections 16, 36, for school purposes, is equivalent of a grant to the territory. If such is the case, then the leasing of such lands would be a rightful subject of legislation and the act of the territorial legislature is valid. *Ferry* v. *Street,* 4 Utah, 537;

*U. S.* v. *Scott Elliot*, 7 Utah, 392; see, also, *Gaines* v. *Nicholson*, 9 How. 371; *Vincennes University* v. *Indiana*, 14 How. 268; *Cooper* v. *Roberts*, 18 How. 173; *Kissel* v. *Public Schools*, 18 How. 19; *Hardenfeldt* v. *Daney Gale Silver Min. Co.*, 93 U. S. 634; *Wilcox* v. *Jackson*, 13 Pet. 498; *Newhall* v. *Sanger*, 92 U. S. 761. The two cases cited by counsel from Montana and Washington, are disapproved in *U. S.* v. *Scott Elliot, supra.*

MINER, J.:

In this case the judgment of the court below is reversed and a new trial granted on the ground that the territorial legislature has no right to pass the law giving authority to the county court to lease sections 16 and 36, reserved by the United States for common school purposes, as well as upon the ground that the lease made by the county court of Emery county to the plaintiff was invalid, even had the statute passed in 1892 been valid, the county court in making its lease having failed to follow the provisions of the law under which the lease was made.

The specific grounds upon which this decision is based will be given in the opinion of this court hereafter to be filed.

MERRITT, C. J., and BARTCH, J., concur,