WALCOTT TOWNSHIP *vs.* ERICK SKAUGE.

Opinion filed April 23rd, 1897.

**Public Lands—Grants for Highways.**

In 1866 congress, by legal enactment, declared that "the right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." 14 Stat. 253. *Held*, that this was a grant in *præsenti*, and that, when accepted by the Territory of Dakota, it took effect as of the date of the grant.

**Prescription.**

After the passage of said act it was competent for the local authorities to establish highways over the public lands, and as a highway by prescription rests upon the legal 'fiction of original establishment, conclusively presumed by 20 years continuous user, it follows that a road used continuously by the public for more than 20 years after the summer of 1874 becomes a legal highway, although the government did not part with the legal title to a sectional subdivision over which said road passes until the year 1878. In such a case the principle which declares that time does not run against the government, and that no rights can be acquired by adverse possession of land the title to which is in the government, does not apply. The grant for highway purposes takes the case out of the operation of that principle.

**Prescription Right Runs Against Railroad Company.**

The *locus in quo* involved in this case is upon an even numbered section within the limits of the grant of odd numbered sections to the Northern Pacific Railroad Company made in 1864. *Held* that, if such prior grant removed the odd sections from the operation of the grant for highway purposes, still such grant would be effective as to the even numbered sections, and the prescription right would have run as against the railroad company and its grantees, and hence a highway by prescription would be acquired for the entire length of the road.

**Statutes—Repeals by Implication.**

Section 37 of Ch. 29 of the Political Code of 1877, of Dakota Territory declared that "all public highways which have been or may hereafter be used as such for twenty years or more shall be deemed public highways." Section 1 of Subch. 2 of Ch. 112 of the Session Laws of Dakota Territory for 1883 declared: "All public roads and highways within this territory which have been opened and in use as such and included in a road district in the town in which the same are respectively situated during twenty years next preceding the time when this act shall take effect, [January 1, 1884] are hereby declared to be public roads and highways and conformed and established as such whether the same have been lawfully laid out, established and opened or not." *Held*, that the latter section did not by implication, repeal the former.

Appeal from District Court, Richland County; *Lauder*, J.

Action by Walcott Township of Richland County against Erick Skauge. From a judgment for plaintiff, defendant appeals.

Affirmed.

*W. E. Purcell*, for appellant.

Neither prescription nor bankruptcy can run against the government. *Peo.* v. *Herkimer*, 4 Cow. 345; *Peo.* v. *Gilbert*, 19 Johns, 229; *Gibson* v. *Chonteau*, 13 Wall. 92; *Langdon* v. *Harris*, 21 Wall. 521; *Sparks* v. *Pierce*, 115 U. S. 408; *Jordan* v. *Barrett*, 4 How. 169; *Burgess* v. *Gray*, 16 How. 48; *Frisby* v. *Whitney*, 9 Wall. 187; *Oaksmith* v. *Johnson*, 92 U. S. 343; *Morrow* v. *Whitney*, 95 U. S. 551; *Anderson* v. *Carkins*, 135 U. S. 483; *Nebraska Mills* v. *Traver*, 33 N. W. Rep. 67; *Carroll* v. *Patrick*, 37 N. W. Rep. 671; *Nichols* v. *Council*, 9 S. W. Rep. 305; *Smith* v. *Smith*, 8 Pac. Rep. 385; *Auzar* v. *Miller*, 27 Pac. Rep. 299; *Wagner* v. *Fairbanks*, 17 So. Rep. 20. The statute begins to run *de novo* when the interest of the government is transferred to an individual. 13 A. and E. Enc. L. 716; *Smith* v. *Smith*, 8 Pac. Rep. 385; *Cunningham* v. *San Saba Co.*, 20 S. W. Rep. 941. There must be a definite, certain, fixed line of travel over the lands involved. This is not proven. *South Branch R. Co.* v. *Parker*, 5 At. Rep. 641; *Plimpton* v. *Covers*, 44 Vt. 165; *Turnbull* v. *Rivers*, 15 Am. Dec. 622; *Oliver* v. *Cook*, 47 Md. 485. So long as the use is licensed no rights by prescription could be acquired. 19 Am. and Eng. Enc. Law, 14. A license is a complete rebuttal of the presumption of adverse user. *Dunham* v. *New Britain*, 55 Conn. 378; *Crounse* v. *Wemple*, 29 N. Y. 540; *Parish* v. *Raspare*, 109 Ind. 586; *Thomas* v. *England*, 71 Cal. 456.

*McCumber & Bogart*, for respondent.

The right of way over public lands was granted by the government. Section 2477, Rev. Stat. of U. S.; *Wells* v. *Pennington Co.*, 48 N. W. Rep. 305. The acceptance of the grant by the acts of the legislature providing for public roads over the public domain

took effect by relation as of the date of the act. Sections 1, 2, 3, 37 and 43, Ch. 29, Political Code of 1877; *Wells* v. *Pennington Co.*, 2 S. D. 1, 48 N. W. Rep. 305; *Smith* v. *Pennington Co.*, 2 S. D. 14, 48 N. W. Rep. 309; 19 A. and E. Enc. L. 338, n. 1; *Winona, etc. v. Barney*, 113 U. S. 618; *Missouri, etc. R. Co.* v. *Kansas, etc. R. Co.*, 97 U. S. 491; *Leavenworth* v. *Ry Co.*, 92 U. S. 733; *Schulenberg* v. *Harriman*, 88 U. S. 44; *Wood* v. *Ry. Co.*, 104 U. S. 329; *Wisconsin R. Co.* v. *Pierce Co.*, 133 U. S. 498. The act of congress was a gift absolute of the right of way to the territory and no acceptance was necessary. *Kerman* v. *Griffith*, 27 Cal. 88; *Hastings* v. *McGoggin*, 27 Cal. 85; *DeNecochea* v. *Curtis*, 20 Pac. Rep. 563; *Wright* v. *Rosebery*, 121 U. S. 488; *Ringo* v. *Rotan*, 29 Ark. 56; *Railroad Co.* v. *Smith*, 76 U. S. 95; *French* v. *Fyan*, 93 U. S. 169; *McRose* v. *Bottyer*, 22 Pac. Rep. 393; *Bolger* v. *Foss*, 3 Pac. Rep. 871. It is the twenty years use that makes a road a public highway, and it is immaterial whether the use is with the consent or over the objections of the adjoining land owners. *Strong* v. *Makeener*, 1 N. E. Rep. 502; *Hanson* v. *Taylor*, 23 Wis. 547; *Blute* v. *Scribner*, 23 Wis. 359; *Hart* v. *Red Cedar*, 63 Wis. 637. Twenty years of unexplained use of an easement, raises a presumption that it is under a claim of right and adverse. *Miller* v. *Garlock*, 8 Barb. 153; *Williams* v. *Nelson*, 23 Pick. 141; *Blake* v. *Everett*, 1 Allen, 248; *Boliver, etc. Co.* v. *Nepouset*, 16 Pick. 241; *Coluin* v. *Burnett*, 17 Wend. 564; *Lehigh R. Co.* v. *McFarlan*, 43 N. J. L. 605. Dedication may be presumed from use notwithstanding the public travel may have deviated at points from the old route. Sacketts Inst. to Juries, 180; *Kelsey* v. *Furman*, 36 Ia. 614; *Howard* v. *State*, 2 S. W. Rep. 331; *Wyman* v. *State*, 13 Wis. 742. For acts of owner held not to interrupt running of the statutes, see *Toff* v. *Decater*, 19 Ill. App. 204; *Bolger* v. *Foss*, 3 Pac. Rep. 871; *Beatrich* v. *Block*, 44 N. W. Rep. 189; *Wagner* v. *Hipple*, 13 At. Rep. 81.

BARTHOLOMEW, J. This action was brought by the Civil Township of Walcott, in Richland County, for the purpose of abating a nuisance. The nuisance consisted of an obstruction erected by defendant across an alleged highway. The erection of the

obstruction is admitted, and the sole question at issue was as to the existence at the point where the obstruction was raised of a legal highway. The township claimed a highway by virtue of 20 years' continuous user. This user was denied by the defendant. As is usual in such cases, the testimony is exceedingly conflicting. It is very voluminous, and coming as it does from a very large number of witnesses, very few of whom could read or write the English language, and who spoke the same but indifferently, it has been matter of no small labor to obain an intelligent understanding of the facts. But, after an extended study of the testimony, we reach the conclusion that the findings of fact, as made by the trial court, are in all respects supported by a preponderance of the evidence. From the evidence it appears that the land whereon the road was lying and the obstruction was erected was settled upon by one Marteson about the year 1871. Marteson made homestead filing upon the tract, and subsequently made final proof thereon, and received a patent from the government in 1878. The year following he conveyed by warranty deed to the defendant Skauge, who has ever since resided thereon. The land is described as the S. W. ¼ of section 22, township 136, range 49, in said Walcott township. This quarter section lies on both sides of the Wild Rice river. The highway is claimed along the east bank of said river. The obstruction was erected on the line between the N. W. ¼ and the S. W. ¼ of said quarter section, and at a point a few rods west from the east end of said line. It is. undisputed that from some time anterior to 1871 there was a traveled track, following substantially along the east bank of the Wild Rice river, from a point about 40 rods south from the N. W. corner of the N. W. ¼ of said section 22, running in a southerly direction to the south line of said section. This track extended north and south from the points where it entered this section in such a manner as to form a continuous road from Fargo to Ft. Abercrombie. About the year 1871 a fence was erected by Marteson across the S. W. ¼ of said S. W. ¼ of said section, and

by reason of said fence the line of travel was changed, and made
to run east of the fence, and some distance east—perhaps as
much as 25 rods in some places—from the original line of travel.
Subsequently this fence was removed, and the travel returned to
the old line. It was a vital point in this case to fix the date at
which said fence was removed. Nor is it possible, under the
evidence, to reach a positive conclusion. The trial court finds
that such removal took place in the summer of 1874. We are
satisfied that there is much evidence to sustain that finding. All
of the witnesses appeared before the trial court. That court had
facilities for judging as to the accuracy and truthfulness of their
statements which we do not and cannot possess; and since our
own minds, on the printed record, would be left in some uncer-
tainty, we felt ourselves in duty bound to accept the findings of
the trial court. If, then, it be taken as established that the travel
returned to the old route in 1874, it had continued for more than
20 years from that date at the time this action was brought, and
at the time the obstruction complained of was erected. There is
in the record evidence which shows that, some time subsequently,
proceedings were had to establish a highway upon the north and
east lines of said quarter section, and turn the travel thereon.
And while it appears that this last-mentioned route was used by
the public, to some extent, for two or three years, yet it equally
appears that a very material portion of the travel continued dur-
ing those years to follow the track along or near the east bank of
the river. The road on the quarter-section line was abandoned
after two or three years by reason of the natural obstructions in
the construction of a highway thereon. There is also evidence
in the record that there were some variations in the line of the
travel on the road following the river bank. The trial court,
however, finds these variations so slight as to be immaterial, not
being sufficient to destroy the identity of the line of travel. It
may be stated that, at the particular point where defendant
erected the obstruction across the highway, no change of line or
travel occurred at any time subsequent to 1871, all the changes

being at a point south of the obstruction. Taking it, then, as established that the travel over the point in question had been continuous for more than 20 years, and that the alleged road was of such a nature and character as would, the travel having continued for a sufficient length of time, constitute a public highway, we are then led to a consideration of the law questions involved in the case. While these questions have been argued to us in a most exhaustive, able, and ingenious brief, yet, on full consideration, we are convinced that all questions material to a decision of the case may be ruled on somewhat elementary principles.

It is first urged that the locus in *quo* was a part of the public domain, and the title thereto in the general government, until the issue of the patent to Marteson in 1878. It is then claimed that adverse user cannot run against the general government. It is an old and well-established doctrine that time does not run against the king. Statutes of limitations are not effective as against the sovereign. We do not think, however, that this principle has any applicability to the case at bar. Highways by user are considered by the law to be based either upon original legal establishment or dedication, the continuous user for the period of 20 years being regarded as conclusive evidence either of an original legal establishment or of a dedication. *Reed* v. *Northfield,* 13 Pick. 94; *Com.* v. *Coupe,* 128 Mass. 63; *Railroad Co.* v. *Page,* 131 Mass. 391; *State* v. *Mitchell,* 58 Iowa, 567, 12 N. W. Rep. 598; *Summers* v. *State,* 51 Ind. 201; *Com.* v. *Cole,* 26 Pa. St. 187. Where dedication in fact is sought to be established, user for a much less period of time than 20 years may be shown as evidence of dedication; but when actual, continuous user for 20 years is shown, then both original establishment and dedication become mere legal fictions. The user establishes the highway. See above authorities. Nor is it material, under a statute like ours, whether the use is with the consent, or over the objections, of the owner. *Strong* v. *Makeever,* 102 Ind. 578, 1 N. E. Rep. 502, and 4 N. E. Rep. 11. In 1866 congress, by legal enactment, declared: "The right of way for the construction of highways over public lands not reserved

for public uses is hereby granted." Section 2477, Rev. St. U. S. This section, from its clear wording, conveys a present grant. When, therefore, the provision was acted upon and accepted by the territory, such acceptance related back, and became effective from the date of the grant. This has been held in many cases relating to railroad and swamp-land grants, and is expressly held to be true under this particular grant in the case of *Wells* v. *Pennington Co.*, (S. D.) 48 N. W. Rep. 305. Chapter 29 of the Political Code of 1877 of Dakota Territory was a clear acceptance of this grant by congress. Section 37 of that act reads: "All public highways which have been or may be hereafter used as such for twenty years or more shall be deemed public highways." It is apparent, then, that it would have been entirely competent for the local authorities to have legally established this highway, so far as the general government is concerned, at any time after 1866, so that the presumption of original legal establishment may well prevail in this case. Nor was the right granted by government in the nature merely of a license revocable at the pleasure of the grantor. Highways once established over the public domain under and by virtue of this act, the public at once became vested with an absolute right to the use thereof, which could not be revoked by the general government, and whoever thereafter took the title from the general government took it burdened with the highway so established. It seems clear to us, then, that there is in this case no ground upon which it can be held that the 20 years' term of user could not begin until the general government parted with the fee title to the land. We fully agree with the contention of counsel that adverse user cannot be predicated upon a user that is had by virtue of a license. But we do not understand that the user claimed in this case has ever been of that character for any time whatever.

It is urged, however, that, under the statutes of the late Territory of Dakota, it was not possible that a highway could be established by continuous user commencing no earlier than 1874. This contention is based upon the section found in chapter 112 of

the Session Laws of Dakota Territory for 1883. That section reads: "All public roads and highways in this territory which have been open and in use as such and included in a road district in the town in which the same are respectively situated during twenty years next preceding the time when this act shall take effect are hereby declared to be public roads or highways and confirmed and established as such whether the same have been lawfully laid out, established and opened or not." It is claimed that this·section works a repeal of § 37, c. 29, Pol. Code 1877, heretofore quoted, and that under this section no highway by prescription could be declared after the date when such section went into effect, which was January 1, 1884. We are convinced that this contention is not well founded. The law of 1883 contains no repealing clause. If it repealed the former law, it was by implication only. This, under well-recognized authority, is not favored. Chapter 112 of the Laws of 1883, is entitled: "An act to provide for the organization of civil townships, and the government of the same." It is a very extensive statute, providing thoroughly for the purposes indicated in the title, and, among other things. for township roads and highways. It is when treating of this latter subject that the section quoted appears. We think there is no such inconsistency with the statute of 1877 as necessarily works a repeal. It simply declared what roads or highways should at that time be declared and held to be highways by prescription, but it contains no intimation that highways by prescription might not thereafter be established. That it has not generally been supposed to repeal the former law is evident from the fact that the former law appeared as § 1227 of the compilation of 1887. And it still further appears from § 1050 of the Revised Codes, which went into effect January 1, 1896, which reads: "All section lines are public highways as far as practicable and all existing highways shall continue as such until changed or vacated according to law, but no road traveled or used by one or more persons over another's land shall hereafter become a public highway by use." Under this section it is clear that no highway by prescrip-

tion can hereafter be claimed if the 20 years' use covers any time subsequent to the enactment of this statute. But, if highways by prescription could not be acquired prior thereto, the enactment of the statute was entirely superfluous. In a case where a repeal by implication is claimed, we deem it entirely proper to cite these repeated instances of legislative construction to the contrary.

The claim is also made by the appellant that this court must take judicial notice that the locus in *quo* is within the limits of the primary grant of land made by congress to the Northern Pacific Railroad Company in 1864. It is urged that since that grant was, as has been frequently held, a grant in *præsenti*, thereafter no grant could be made by the general government of a right to construct highways over the lands thus granted to the railroad company, and that consequently these lands were excepted from the operation of the congressional grant for highway purposes made in 1866. And it is urged that, as every even numbered section within the limits of the grant is and must be surrounded by odd-numbered sections which were included in the grant, therefore no highway, in the proper meaning of that term, could be established or used without going upon and occupying portions of the land granted to the railroad company. We may concede this proposition. If prior to 1871 the title to these odd-numbered sections was in the railroad company, that fact by no means presented an obstacle to the establishment of a highway thereon. Neither is the railroad company or any of its grantees claiming that this highway was not properly established, or has not been adversely used by the public for more than 20 years prior to its obstruction by the defendant. If parties owning title to the odd-numbered sections are content as to this highway, it is not in the power of the defendant to dispute the highway thus consented to and acquiesced in by them. We find no legal propositions advanced by the defendant that have not been sufficiently met by what has already been said. The judgment of the District Court of Richland County is made the judgment of this

court, and will be in all respects enforced by the said District Court.

Affirmed. All concur.