RIVERSIDE TOWNSHIP v. NEWTON.

By Act Congress 1861, organizing the territory of Dakota, upon the land being surveyed, sections Nos. 16 and 36 of each township were reserved for school purposes. Act Congress 1866, § 2477, granted a "right of way for the construction of highways over public lands not reserved for public uses," and Comp. Laws, §§ 1189-1191, made all section lines public highways 66 feet in width, taken equally from each side of such lines. *Held*, that the withholding of portions of·public land for school purposes was neither a "grant or reservation for public uses," within the exception of section 2477, and that such land was subject to the public highway easement without compensation to the owner.

(Opinion filed June 22, 1898.)

Appeal from circuit court, Clay county, Hon. E. G. SMITH, Judge.

Action by the township of Riverside against Alfred Newton to establish a highway upon a section line. From a judgment in favor of defendant, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*H. G. Tilton* and *Gamble & Dillon* for appellant.

Under and by virtue of the provisions of the statutes of the United States and of the state of South Dakota a highway exists along the section lines of school lands, and the defen-

dant Newton was not entitled to any damages, for the land taken was subject to the public highway easement. Rev. Stat. U. S. §§ 2477, Comp. Laws §§ 1189, 1191, Wells v. Pennington Co. 2 S. D. 1; Keen v. Supervisors 8 S. D. 558; Railroad v. Roberts 152 U. S. 112; United States v. Elliott 41 Pac. 720; Barclay v. United States 19 Pac. 37; United States v Bissel 19 Pac. 251; Whiting v. Railroad 25 Wis. 195; Gilman v. Lime Point 18 Cal. 232; Keller v. Corpus Christi 50 Tex. 629, Railroad v. Watertown 4 S. D. 323; *In re* Moore 81 Fed. 356; Walcott v. Skange 71 N. W. 554; Organic Act §14; Enabling Act §§ 10, 14, 15, 16, 17.

*French & Orvis* and *John L. Jolly* for respondent.

Appellant by its own acts having admitted that there was no highway by the making of a petition and order and awarding damages for the purpose of laying out a highway over the lands in question, cannot now urge that such a highway was already laid out; and having awarded damages for the lands taken cannot now say that respondent is not entitled to damages. Village of Olran v, Steymer 32 N. E. 9.

A public highway easement does not exist, upon the section lines of school sections without compensation. 19 Am. & Eng. Enc. of Law 306; Wilcox v. Jackson 13 Pet. 498; Beecher v. Wetherby 95 U. S. 517; Railroad v. United States 92 U. S. 733; Cooper v. Roberts 18 How. 173; Williams v. Walker 17 Wall 144; Bordon v. Railroad 145 U. S. 535; Railroad v. Railraod 34 U. S. App. 66.

FULLER, J. This proceeding to establish a highway upon a section line originated before plaintiff's supervisors, and there resulted in an order opening the road, and awarding

damages to the defendant Newton, from which order he ap-
pealed to the circuit court, where a trial *de novo* was had, and
a verdict of $400 damages returned in his favor. This appeal
is by plaintiff, the township of Riverside, from an order over-
ruling a motion for a new trial. In the year 1891 respondent
purchased from the state 160 acres of school land situated on
the north side of section 16, and for the road in question a
strip thereof 33 feet in width extending along the entire north
line is taken, together with an equa' amount along the south
line of section 9, the property of respondent lying immediately
opposite. The question whether, in this state, all the bound-
ary lines of section 16 and 36 are highways is fairly presented
by an assignment of errror relating to the holding of the trial
court "that no such grant exists with reference to school sec-
tions," and to its refusal to give the following, among other,
similar instructions proposed by counsel for appellant: "You
are instructed that under the evidence and admissions in this
case that there is a highway established by operation of law,
two rods wide on the north line of the north half of the north-
east quarter and the north half of the northwest quarter of sec-
tion sixteen, belonging to Mr. Newton, and that no damages
can be allowed for the use of said two rods for high-
way purposes." The congressional enactment of 1861, under
which the territory of Dakota was organized, provides: "That
when the land in said territory shall be surveyed, under the
direction of the government of the United States, preparatory
to bringing the same into market, sections numbered 16 and
36 in each township in said territory shall be, and the same
are hereby, reserved for the purpose of being applied to
schools in the states hereafter to be erected out of the same.'

12 Stat. 243, § 14. In 1866, congress passed section 2477 of the Revised Statutes as follows: "The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." Sections 1189 and 1191 of the Compiled Laws expressly declare that all section lines are public highways 66 feet in width, taken equally from each side of such lines; and this court, in the case of Wells v. Pennington Co., 2 S. D. 1, 48 N. W. 305, construed the foregoing to be "an acceptance of the congressional grant, which became operative upon the date of its enactment," and that all persons subsequently acquiring title from the government take the same with notice of such acceptance, and subject to the right of way for highway purposes over all section lines in this state. Keen v. Supervisors, 8 S. D. 558, 67 N. W. 623. Do the foregoing provisions of the Compiled Laws apply to school sections? is the decisive question, which must be answered affirmatively, unless by the act of congress above quoted the same were "reserved for public uses." The mere announcement of a governmental policy to withhold, when the same shall be surveyed, specified portions of the public domain from settlers and purchasers, "for the purpose of being applied to schools of states hereafter to be erected," is neither a grant nor reservation "for public uses." The act of congress granting the right of way for the construction of highways over public lands, construed with the provisions of our statute, creates an easement of which respondent had notice, operating uniformly upon all section lines, including the boundaries of school sections designed to be leased or sold by the state for the purpose of creating a trust fund for the benefit of the public schools. Such lands are not reserved for, nor are they put

to, a public use.   Section 2364 of the United States Revised Statutes, when considered with other provisions relating to the same subject, tends to negative the idea that such lands were reserved for public uses by providing that "whenever any reservation of public lands is brought into market, the commissioner of the general land office shall fix a minimum price, not less than one dollar and twenty-five cents per acre, below which such lands shall not be disposed of." Our conclusion therefore is that the lawmakers have reserved and located a highway along the school section line in question, which appellant is authorized to open and prepare for the use of the public, without allowing respondent any compensation in the way of damages,  The order appealed from is reversed, and the case remanded for further proceedings not inconsistent herewith.