## GREAT NORTHERN RY. CO. v. TOWN OF VIBORG *et al.*

1. The rule that a highway cannot be established by prescription as against the government does not apply to any of the land within the grant by Act Cong. July 26, 1866, c. 263, 14 Stat. 253, of the right to construct highways over public lands.

2. The right to use a section line highway is not taken away at the point of intersection by construction of a railroad track across it.

3. Interest in the fee of a highway where a railroad crosses it is not given the railroad company, by its construction of an overhead crossing at one side thereof, and temporary use thereof by the public, so as to entitle the railroad company to compensation for the placing of a street by a town along such highway over the tracks.

4. The right of the public to use a section line highway is not impaired by incorporation of a town according to a plat, a street on which departed from the highway where it crossed a railroad.

(Opinion filed Nov. 11, 1903.)

Appeal from circuit court, Turner county. Hon. E. G. SMITH, Judge.

Action by the Great Northern Railway Company against the town of Viborg and others. Judgment for defendants. Plaintiff appeals. Affirmed.

*A. R. Wilkinson, W. E. Dodge* and *Winsor & McNaughton*, for appellant.

A public road cannot be established by prescription or limitation while the land over which the road runs is unimproved or unoccupied prairie land over which people may travel at their pleasure. State v. O'Laughlin, 19 Kan. 504; State v. Railway Co., 45 Ia., 139; Graham v. Hartnett, 10 Neb. 517; Watt v. Smith, 11 Metc. 241; Stacy v. Miller, 14 Mo. 478; State v. Joyce, 19 Wis. 90; Warren v. Jacksonville, 15 Ill. 236.

There are only three ways by which a public highway may be established: 1st, by dedication; 2nd, by prescription; 3d, by legislative authority. Elliott on Roads and Streets, 7.

*French & Orvis*, for respondents.

Where an order is made by the proper authorities opening a highway, the presumption is that all the necessary legal steps have been taken to constitute it a highway, and this pre-

sumption cannot be collaterally attacked unless on the ground of want of jurisdiction. It is immaterial how the street became such, whether by formal action of the city in accepting its dedication, or by acceptance by user on the part of the public. * * * An acceptance may be shown by common user by the public, without any action on the part of the municipal authorities, nor need any evidence be introduced of any such action, in order to prove the fact of acceptance by the public. State v. Eisele, 33 N. W. 785; Marcy v. Taylor, 19 Ill. 633; Town of Lake View v. Lebahn, 9 N. E. 269; Maywood v. Village of Maywood, 6 N. D. 866; Wragg v. Penn Twp., 94 Ill. 11-25; Mason v. City of Sioux Falls, 2 S. D. 640-652.

FULLER, J. This appeal is from a judgment dismissing the complaint in an action by the Great Northern Railway Company to restrain the incorporated town of Viborg from placing a street crossing over the company's right of way within corporate limits, and the right of respondent to thus proceed without paying damages is the question that controls the case. The disputed ground extends entirely across the right of way, 350 feet in width, and includes 33 feet on each side of a north and south section line upon which is located a thoroughfare 66 feet wide, designated "Main Street" on the village plat, and obstructed only by appellant's roadbed and railway tracks. This section line highway having been kept in repair and constantly used as such for fully 20 years before appellant constructed its railway at the point above mentioned, it is needless to determine the legal effect of certain proceedings by the county commissioners instituted for the purpose of establishing such highway during the month of February, 1872.

As a portion of the territory along the section line was government land at least until the year 1877, it is urged by counsel for appellant that the statute creating highways by 20 years' adverse user is not to be considered. Without any reservation except as to lands devoted to the use of the public, Congress, on the 26th day of July, 1866 (14 Stat. 253, c. 263), granted the right to construct highways over public lands, and the rule that a highway cannot be established by prescription as against the government has no application to any portion of the public domain within such grant. Township v. Skauge, 6 N. D. 382, 71 N. W. 544. This government grant, when accepted by the territorial act of January 12, 1871, took immediate effect as against the grantee and all persons claiming thereunder whose rights became subsequently vested. Wells v. Pennington County, 2 S. D. 1, 48 N. W. 305, 39 Am. St. Rep. 758; Keene v. Board of Sup'rs of Fairview Tp., 8 S. D. 558, 67 N. W. 623; Riverside Township v. Newton, 11 S. D. 120, 75 N. W. 899. According to the recorded plat of the village, Main street is co-extensive with the original highway up to the southern boundary line of appellant's right of way and down to the northern boundary line thereof, along which it extends westerly about 330 feet to an overhead crossing, and thence back to the section line on the opposite side of the right of way. Respondent's right to use this section line highway as a village street at the point in dispute was not taken away by the construction of the railway track across it, nor has the temporary employment of the overhead crossing, erected by appellant at a different place, conferred an interest in the fee upon which such corporation may base a claim for compensation. By incorporating the village of Viborg under and

according to the recorded plat, the streets and alleys as there dedicated were doubtless accepted by the municipality, but such action could not impair the right of the public to use the section line for the purpose to which it was indefeasibly dedicated by the act of Congress above mentioned.

The judgment appealed from is affirmed.