(No. 5541.  Decided July 21, 1905.)

## LOUIS PETERSON et al., *Appellants,* v. CHARLES BAKER et al., as *County Commissioners etc., Respondents.*[1]

HIGHWAYS—PUBLIC LAND—SCHOOL SECTION—GRANT BY CONGRESS—RESERVATION FOR PUBLIC USE—CONSTRUCTION. The right of way over public lands except those reserved for public use, granted by U. S. Rev. Stats., § 2477, for the construction of public highways, applies to school sections 16 and 36; since U. S. Rev. Stats., § 1947, reserving such sections for the use of the common schools was but a declaration of governmental policy and did not reserve them for public use so as to except them from the operation of the grant; hence the maintenance of a public road over a school section for more than seven years establishes a valid subsisting public highway under Bal. Code, § 3846.

Appeal from a judgment of the superior court for King county, Richardson, J., entered September 21, 1904, in favor of the defendants, after a trial before the court without a jury, dismissing on the merits an action to enjoin the maintenance of a public highway.  Affirmed.

*Fred H. Peterson* and *H. C. Force,* for appellants.

*Kenneth Mackintosh* and *Ernest B. Herald,* for respondents.

RUDKIN, J.—On the 4th day of March, 1903, the plaintiffs purchased from the state of Washington all of tract 3, of section 16, township 24, north, range 4, east of the Willamette Meridian, in King county, and are still the owners thereof.  As such owners, they brought this action to restrain the defendants, as county commissioners of King county, from opening up or maintaining a public highway across the land so purchased.  It was conceded that the road in question has been maintained across said tract since prior to the year 1876, and that such road has been kept up at public expense, and used continuously, ever since its estab-

[1]Reported in 81 Pac. 681.

lishment.    The court below dismissed the action, and from the judgment of dismissal, this appeal is prosecuted.

The respondents claim that there is a valid subsisting public highway across this land; first, by virtue of U. S. Rev. Stats., § 2477, which provides that, "the right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted;" and, second, by virtue of Bal. Code, § 3846, which provides that,

"All public roads and highways in this state that have been used as such for a period of not less than seven years, and are now so used, where the same have been worked, and kept up at the expense of the public, are hereby declared to be lawful roads and highways within the meaning and intent of the laws now existing governing public roads and highways in this state."

The appellants, on the other hand, contend that no right of way was granted by the act of Congress above referred to, for the reason that the land in controversy was school land and was therefore, "reserved for public uses;" and that the state statute does not apply because the county authorities failed to comply with § 46 of the act of March 26, 1895 (Laws 1895, p. 547), or with § 35 of the act of March 16, 1897 (Laws 1897, p. 246), relating to public highways over state lands.

U. S. Rev. Stats, § 1947, provides as follows: "Sections numbered sixteen and thirty-six in each township of Washington Territory shall be reserved for the purpose of being applied to common schools in that territory.   In all cases where sections sixteen and thirty-six, or either or any of them, are occupied by actual settlers prior to survey thereof, the county commissioners of the counties in which such sections so occupied are situated are authorized to locate other lands, to an equal amount in sections or fractional sections, as the case may be, within their respective counties, in lieu of the sections so occupied."

The act of which this section forms a part became a law March 2, 1853.   U. S. Rev. Stats., § 2477, provides that,

"The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." The act of which this section forms a part became a law July 26, 1866.

Were school lands in the territory of Washington *reserved for public uses* by § 1947, *supra,* so as to except them from the operation of § 2477, *supra?* We are clearly of the opinion that they were not. The act of March 2, 1853, was simply a declaration of governmental policy, and the title to sections 16 and 36 thereafter remained in the general government, subject to the dominion and control of Congress, until otherwise appropriated or disposed of. Thus, in *Barkley v. United States,* 3 Wash. Ter. 522, 19 Pac. 36, it was held that sections 16 and 36 were public lands of the United States, within the provisions of the act of February 25, 1885, entitled, "An act to prevent unlawful occupation of public lands." The same conclusion was reached in *United States v. Elliot,* 12 Utah 119, 41 Pac. 720, and in *United States v. Bisel,* 8 Mont. 20, 19 Pac. 251. In *Burrows v. Kimball,* 11 Utah 149, 41 Pac. 719, it was held that school lands were reserved to the United States and under the actual control of Congress, until granted to the state or territory. The direct question here presented was before the suprme court of South Dakota in *Riverside Township v. Newton,* 11 S. D. 120, 75 N. W. 899. In that case the court says:

"Do the foregoing provisions of the Compiled Laws apply to school sections, is the decisive question, which must be answered affirmatively, unless by the act of Congress above quoted the same were 'reserved for public uses.' The mere announcement of a governmental policy to withhold, when the same shall be surveyed, specified portions of the public domain from settlers and purchasers, 'for the purpose of being applied to schools of states hereafter to be erected,' is neither a grant nor reservation 'for public uses.' The act of Congress granting the right of way for the construction of highways over public lands, construed with the provisions of our statute, creates an easement of which respondent had

notice, operating uniformly upon all section lines, including the boundaries of school sections designed to be leased or sold by the state for the purpose of creating a trust fund for the benefit of the public schools. Such lands are not reserved for, nor are they put to, a public use. Section 2364 of the United States Revised Statutes, when considered with other provisions relating to the same subject, tends to negative the idea that such lands were reserved for public uses by providing that 'whenever any reservation of public lands is brought into market, the commmissioner of the general land office shall fix a minimum price, not less than one dollar and twenty-five cents per acre, below which such lands shall not be disposed of.' Our conclusion therefore is that the lawmakers have reserved and located a highway along the school section line in question, which appellant is authorized to open and prepare for the use of the public, without allowing respondent any compensation in the way of damages."

See, also, *Coleman v. St. Paul etc. R. Co.,* 38 Minn. 260, 36 N. W. 638; 26 Am. & Eng. Ency. Law (2d ed.), 357.

We are therefore of opinion that the land in controversy was not "reserved for public uses," within the meaning of the exception or reservation contained in section 2477 of the United States Revised Statutes, and that there is a valid and subsisting public highway across the appellants' lands, under the facts agreed upon in this case. It therefore becomes unnecessary to decide the other questions presented on this appeal. There is no error in the record, and the judgment is affirmed.

MOUNT, C. J., ROOT, CROW, and HADLEY, JJ., concur.