## BURLEIGH COUNTY v. RHUD.

### (136 N. W. 1082.)

**Highways — obstruction — highways created by prescription.**

    Section 1 of chapter 112, Laws of 1897, being § 1346 of the Revised Codes of 1905, which provides that "all public roads and highways within this state which have been opened and in use as such, and included in a road district in the town in which the same are respectively situated, during twenty years next preceding the time when this article shall take effect, are hereby declared to be public roads or highways, and confirmed and established as such whether the same have been lawfully laid out, established, and opened, or not," can only be made to apply retractively to roads which have been laid out by the proper authorities, but in some defective manner. It cannot be construed so as to apply retroactively and create highways by prescription based upon an adverse user by the public which merely covers a period of twenty years prior to its enactment. In order that highways by prescription may be claimed by the public, the adverse ·use must have dated back for twenty years prior to

Note.—On the question of the establishment of a highway by prescription, see note in 57 Am. St. Rep. 746.

January 1, 1896, when § 1050, Rev. Codes 1895, went into effect, or have continued for twenty years after March 29, 1897, when chapter 112, Laws of 1897, went into operation.

Opinion filed June 15, 1912.

Appeal from the District Court of Burleigh county; *Hon. W. H. Winchester,* J.

Defendant was permanently enjoined from obstructing a certain alleged public highway, and appeals.

Reversed, and injunction dissolved.

*Newton & Dullam,* of Bismarck, attorneys for defendant and appellant.

*Smith & McCurdy, Stevens & Berndt,* all of Bismarck, attorneys for plaintiff and respondent.

BRUCE, J. This action was commenced by Burleigh county on July 20, 1910, and seeks to perpetually restrain the defendant, H. C. Rhud, from obstructing a certain trail alleged by the plaintiff to be a public highway. Although the complaint alleges that the highway in question is a public highway, the claim of the plaintiff (Burleigh county) is based upon prescription, merely. A permanent injunction was granted by the trial judge, and an appeal has been taken to this court. The lower court found as findings of fact, "that for more than twenty-two years prior to the year 1909, and up to the commencement of this action, a highway extending across the east half of section 27, township 139 north, range 80 west, of the fifth principal meridian, Burleigh county, beginning at a point on the center of Soo Railway, 1.15 chains west of the corner of sections 22, 23, 26, and 27 of said township and range, thence running in a southwesterly direction across said portion of section 27 to a point 1.65 chains east of the southwest corner of said east half of section 27 on the east and west line between section 27 and 34 of said township and range, and thence continuing into the city of Bismarck, as alleged in plaintiff's complaint, has been used and traveled by the general public openly, notoriously, continuously, peaceably, and adversely." This finding seems to us to be borne out by the evidence. It is shown that until the defendant acquired such land on April 28, 1909, the same had at all times been an open, wild, and uncultivated

prairie. It is also shown that after the purchase of the land by Rhud, the plaintiff county graded and built a road on the north line of said section 27, west from the bridge hereinafter noticed, and, at a point west of where the trail turns south, made a slight curve to the south in such road, and went around a hill, and at the top of that hill turned to the north line of said section 27. This work was begun by the plaintiff and finished by the county commissioners. There is no proof, however, in the record, though the fact is claimed, that the county commissioners at any time consented to discontinue the trail or highway in controversy. On the other hand, there is no proof that the county at any time did any work or expended any money upon the particular trail, but merely upon a bridge on the road upon the north line of the section before referred to, and upon said north section line from which the trail in question diverges. Defendant claims that the trail at no time was so definite and certain as to furnish the subject of a highway by prescription. We, however, think otherwise. For the last twenty-two years, at any rate, the road seems to have been continuously traveled, openly, notoriously, peaceably, and adversely, along practically the identical route mentioned in the complaint, the only variations being at certain places in the hillside, where new and parallel tracks would be followed for a short distance, and which were such variations, indeed, as are usually to be found in prairie roads. Such variations we do not hold to have been material, nor to have destroyed the identity of the line of travel. Walcott Twp. v. Skauge, 6 N. D. 382, 386, 71 N. W. 544. The mere fact, indeed, that a road is widened from time to time, owing to the conditions of the weather and exigencies of travel, is immaterial where the same objective points are practically preserved. It is, in fact, an evidence of user, rather than nonuser. Nor do we believe that there is anything in the contention of appellant that the adverse use was not known to the owner of the land during all of its continuance. Rather, it seems to have been established by this court that it is immaterial whether such adverse use was known or unknown. See Walcott Twp. v. Skauge, 6 N. D. 382, 387, 71 N. W. 544.

Nor do we understand the law to be as contended for by counsel for appellant, that under a statute such as ours it is necessary to show that the public authorities have worked or expended money upon the particular road in question. Such lack of improvement and expenditure

may be used as evidence to show that no highway exists, but it is by no means conclusive as to its nonexistence. See 27 Cyc. pp. 29 et seq., and cases cited. Such a failure of improvement is stronger evidence against the prescriptive right in localities where work is usually put upon roads, and is usually necessary for their maintenance, than in localities such as the one under consideration. Often, the raw and unimproved prairie road is the best of all roads.

Although we hold that the highway in question has been in the open, notorious, and peaceable use of the public for more than twenty years prior to the bringing of this suit, and the attempt to fence it on the part of the defendant, we agree thoroughly with counsel for appellant that such adverse user does not date back to a period prior to the year 1876, nor did the trial court so find. If, therefore, his contention is correct that a user for twenty or twenty-two years prior to the fencing will not be sufficient to vest the use of the highway in the public, and that such user must be dated back twenty years from January 1, 1896, when § 1050, Rev. Codes, 1895, went into operation, plaintiff fails, and the judgment of the district court must be reversed. Appellant's contention, in short, is that we have no statute in North Dakota providing for the acquiring of public highways by prescription except chapter 112, p. 212, Laws of 1897, and that that act was prospective merely. The title of this act reads: "An Act Relating to Opening and Vacating Highways. Prescribing the Duties of Supervisors and County Commissioners in Relation thereto, and Regulating Appeals from the Awards thereof, and the Repeal of §§ 1050 to 1075, both inclusive, of the Revised Codes of North Dakota." Section 1 therefor provides: The "public roads and highways within this state, which have been open and in use as such and included in a road district in the town in which the same are respectively situated during twenty years next *preceding* the time when this article shall take effect, are hereby declared to be public roads or highways, and confirmed and established as such, whether the same have been lawfully laid out, established, and opened, or not." Prior to the enactment of this statute, highways by prescription were recognized, and there was a long and varied course of legislation upon the subject, which culminated in § 1050 of the Revised Codes of 1895, which went into effect January 1, 1896, and which read: "All section lines are public highways as far as practicable, and all existing high-

ways shall continue as such until changed or vacated according to law, *but no road traveled or used by one or more persons over another's land shall hereafter become a public highway by use.*" This statute was construed in the case of Walcott Twp. v. Skauge, before referred to, and this court, on page 389 of its opinion, said: "Under this section it is clear that no highway by prescription can hereafter be claimed if the twenty years' use covers any time subsequent to the enactment of this statute." The argument of counsel is that since § 1050 of the Revised Codes of 1895 went into effect on January 1, 1896, and chapter 112 of the Laws of 1897, which repealed it, did not go into operation until March 9, 1897, there was a period of time in which the lands in this state were free and clear from all future prescriptive highway rights, and in which the common-law rule in regard to prescription and adverse user had been abrogated. He therefore claims that, in order to succeed in this case, the plaintiff must prove that its adverse user began to run prior to January 1, 1876, that is to say, twenty years before January 1, 1896. In this we believe he is correct, and that any other construction of chapter 112 of the Laws of 1897 would render it unconstitutional. It is perfectly clear that, prior to the passage of the act in question, and after the passage of § 1050 of the Revised Codes of 1895, no highway by prescription could be claimed if the twenty years covered any time subsequent to the enactment of the statute of 1895. See Walcott Twp. v. Skauge, supra. It is equally clear to us that the legislature, in passing the statute of 1897, had no intention that it should apply retroactively, and create highways by prescription based upon an adverse user by the public which merely covered a period of twenty years prior to the enactment of the statute. Its retroactive features clearly were intended to apply merely to roads which had been laid out by the proper authorities, but in some defective manner. It is true that it repealed § 1050, Revised Codes of 1895, which, in turn, repealed the old state and territorial laws providing for the obtaining of highways by prescription. Section 6727, Rev. Codes 1905, which has always been a part of our statutory law, provides that "whenever any act of the legislative assembly is repealed which repealed a former act, such former act shall not thereby be revived unless it shall be expressly so provided." We have, therefore, no statutory right of prescriptive in the state of North Dakota. It, however, is also true that when a stat-

ute which abrogates a rule or principle of the common law is repealed, the common-law principle or rule is, *ipso facto,* revived, unless there is something to show a contrary intent on the part of the legislature (8 Cyc. 377, and cases cited), and that therefore we may say that since the enactment of the statute of 1897, the common-law rule in regard to highways by prescription has been revived. Prior to the passage of such statute, however, there was no such rule in North Dakota, as § 624, Rev. Codes 1905, provides that "this Code establishes the law of this state respecting the subjects to which it relates," and until the passage of the statute of 1897 we have always had statutes which have spoken directly upon the subject of prescriptive right.

Freedom from prescription can, it is true, be afterwards taken away, for no legislature can bind the hands of its successors in such matters. It cannot be taken away, however, by a retroactive statute, or in such a manner as to work a confiscation of property. "Highways by user," says Mr. Justice Bartholomew, in the case of Walcott Twp. v. Skauge, supra, "are considered by the law to be based either upon original legal establishment or dedication, the continuous user for the period of twenty years being regarded as conclusive evidence either of an original legal establishment or of a dedication." How, however, could a future legislature decree that a legal establishment or dedication should be presumed from the allowance of a use to the public, when, within the retroactive period of use prescribed by it, there was time when the statute absolutely negatived any theory of dedication and the obtaining by the public of highways by adverse user was disallowed? The analogy between statutes of this kind and statutes of limitations is very close. "It is competent," the authorities say, "for the legislature within certain limits, either by extending or reducing the period of limitation, to regulate the time within which even existing causes of action may be brought, but the power to enact such statutes is subject to the fundamental condition that a reasonable time shall be allowed for the exercise of the right of action, whether existing or prospective, after it comes within the prospective or present operation of the statute, and before the bar becomes effective." 25 Cyc. 986. See also Merchants' Nat. Bank v. Braithwaite, 7 N. D. 358, 66 Am. St. Rep. 653, 75 N. W. 244; Osborne v. Lindstrom, 9 N. D. 1, 46 L.R.A. 715, 81 Am. St. Rep. 516, 81 N. W. 72. It would seem that identically the same rule would apply in cases where a prescriptive

right is claimed or sought to be created by statute. Section 14, of article 1 of the Constitution of North Dakota, provides that "private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for, the owner." The public may condemn and may prescribe rules of evidence under which a dedication will be presumed after an uninterrupted use by the public for a certain number of years, provided, however, that during these years the owner was on his guard, and knew that a failure by him to interfere would be used in evidence against him. Section 1 of chapter 112 Laws of 1897, indeed, must be construed as merely applying retroactively to such highways as have been opened and laid out by the proper authorities, but in a defective manner, and cannot apply to highways the claim to which is based upon adverse user merely. The judgment of the District Court is reversed, and the injunctional order is vacated,