[Crim. No. 860. First Appellate District, Division One.—July 15, 1919.]

In the Matter of the Application of NATHAN RANKIN for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—INFAMOUS CRIME AGAINST NATURE—SUFFICIENCY OF INFORMATION.—An information charging the commission of "the infamous crime against nature" in the words of the statute, or their equivalent is sufficient.

PETITION for a Writ of Habeas Corpus. Writ denied.

The facts are stated in the opinion of the court.

Nathan Rankin, *in pro. per.,* for petitioner.

WASTE, P. J.—From the petition filed in the above-entitled matter, it appears that the petitioner is confined in the state prison of the state of California at San Quentin, after conviction, upon a charge of attempt to commit the infamous crime against nature, under section 286 of the Penal Code. While the document is denominated, "A Petition for a Writ of *Habeas Corpus* and *Certiorari,*" it

amounts to nothing more than a petition for a writ of *habeas corpus.*

[1] While the petition does not contain allegations of fact sufficient to warrant the issuance of such a writ, we are able to ascertain from its averments, and from the petitioner's brief, filed herein, that the gravamen of the petitioner's complaint is that the terms of said section 286 of the Penal Code are unintelligible, uncertain, ambiguous, and general, and that an information charging the commission of the crime in the words of the statute, or their equivalent, fails to state an indictable public offense, or any offense, in legally sufficient terms.

Defendant was prosecuted under section 286 of the Penal Code, which reads as follows: "Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than five years."

"The section does not define the crime, or state in what it consists, but denominates it 'the infamous crime against nature.' At common law, the crime attempted to be charged was called sodomy. . . . The crime is now, and has been since the days of Blackstone, designated by law-writers and judges *'the infamous crime against nature'* [citing cases], and it is so designated in the Penal Code. . . . If the facts stated are not capable of two constructions, and are such as to plainly show to a person of common understanding that a crime has been committed, the information or indictment will be held sufficient. It will also be held sufficient where the crime is substantially alleged in the words of the statute, or their equivalent." (*People* v. *Carroll*, 1 Cal. App. 3, [81 Pac. 681].)

"Every person of ordinary intelligence understands what the crime against nature with a human being is." (*People* v. *Williams*, 59 Cal. 397, 398.)

The writ is denied.

Richards, J., and Bardin, J., *pro tem.*, concurred.