ANNA BURKE, Appellee, v. P. F. MALLY, Appellant.

**Traction engines:** DUTY TO ASSIST TRAVELERS: STATUTE: DAMAGES.
1  The statute relating to the operation of a traction engine along a highway is penal in character and will be strictly construed; so that one in charge of an engine which is not being operated along a public street or highway is not required to keep a man in advance to assist travelers with horses or other stock, although the way used by the engine may be used permissively by the public.

**Damages:** ACTION BY MARRIED WOMAN: INSTRUCTION. Where a married woman made no claim in her action for a personal injury that she was engaged in an independent occupation, an instruction permitting recovery for damages caused by her inability to follow any other vocation than that of keeping house for her husband was erroneous.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

THURSDAY, MARCH 11, 1909.

ACTION at law to recover damages for injuries received by plaintiff while trying to hold and tie a horse that had been frightened by a steam traction engine, which it is. claimed defendant was negligently moving on a public street. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*Robert O. Brennan* and *Dunshee & Haines,* for appellant.

No appearance for appellee.

DEEMER, J.—There is a section of our Code reading, in part, as follows: "Sec. 1571. Steam engines on roads. Whenever any engine driven in whole or in part by steam power is being propelled upon a public road, or is upon the same, the whistle thereof shall not be blown, and those having it in charge shall stop it one hundred yards distant from any person or persons with horses or other stock in or upon the same, and at a greater distance away if they exhibit fear on account thereof, until they shall have passed it, and a competent person shall be kept one hundred yards in advance of such engine to assist in any emergency arising from frightened animals, and to prevent accidents." Plaintiff's action is bottomed upon this statute, as well as upon a breach of a common-law duty owing her. The charge in the petition is: That, while she was driving a single horse to an open single-seated buggy, upon a street running north and south, in the city of Des Moines, and at a point immediately north of where said street crossed another running east and west, she discovered a steam traction engine propelling a steam thresher upon said east and west street; "that immediately, upon said horse which this plaintiff was then driving observing said engine, he became greatly fright-

ened thereat and began to back, kick, rear and plunge forward; that this plaintiff thereupon requested this defendant, who was the owner and in charge of said thresher and engine, to stop the same, and not to approach nearer to this plaintiff and towards the horse she was then driving; that said defendant and the engine in his charge at that time was within less than one hundred yards distant and in plain view; that said defendant, disregarding said fact and the frightened horse she was then driving, ordered said plaintiff to turn around and go the other way; that said defendant, regardless of plaintiff's rights, and indifferent to her safety, continued to move and propel said engine at and towards the plaintiff and the horse she was driving; that, said horse becoming unmanageable from fright, the plaintiff was forced to alight from her buggy to save being overturned, and in endeavoring to tie and fasten said horse she was greatly injured by reason of the rearing and plunging of said frightened beast; that she had the thumb on her right hand broken and dislocated and her right arm badly wrenched and dislocated." She further charged: "That the injuries complained of were caused solely by the defendant's negligence, and this plaintiff charges that the defendant was negligent in not stopping said engine at the request of plaintiff and within a proper distance from her, and in not assisting said plaintiff when he saw her horse had become frightened and unmanageable, and in not keeping a competent person at least one hundred yards in advance of said engine, to assist in any emergency which might arise from the frightening of her horse."

The answer was practically a general denial and a plea that plaintiff was guilty of contributory negligence. Defendant concedes in argument that it was his duty to stop the engine, upon plaintiff's request, within a proper distance, so as to prevent injury to her, and that, if he saw plaintiff's horse had become unmanageable, it was his

duty to have rendered her proper assistance; but he claims that there was no evidence to show that he failed to perform either duty, and that the trial court was in error in submitting these issues to the jury. We have examined the record with care and fail to find sufficient testimony to justify the court in submitting the question of defendant's negligence in failing to stop the engine upon her request, and within a proper distance. Nevertheless the court submitted this issue in its third instruction, and thus erred to the prejudice of defendant.

II. There may have been sufficient testimony to take the case to the jury upon the question of defendant's failure to render prompt assistance, although it must be confessed that as presented in the abstract it is quite meager.

III. The trial court instructed that the testimony introduced by plaintiff was sufficient to bring the case within the statute quoted in the first paragraph of this opinion, and that, if defendant failed to keep a man one hundred yards in advance of the engine to assist in emergencies and to prevent accidents, he would be liable for all injuries received by plaintiff on account of such neglect. It is conceded that defendant had no one in advance of the engine, but it is argued that the facts disclosed do not bring the case within the statute. In the absence of statute, there was no such duty resting upon the owner of a traction engine. *Macomber v. Nichols,* 34 Mich. 212 (22 Am. Rep. 522). The statute then gives the remedy, and, as it is penal in character, it must, under well-understood canons, have a strict construction. The testimony in the case shows that, while plaintiff was passing over and along a public street in the city of Des Moines, the defendant was taking what was called a "short cut" across the commons, and was at a place between the streets with his traction engine when plaintiff's horse was frightened.

1. Traction Engines: duty to assist travelers: statute: damages.

He was not upon a road or street, but on the commons between streets, and was using what was called a "short cut," which it seems was used permissively by persons who cared to use it. There is no showing that this was a public road, although it was used by the public as indicated between public roads. As the statute must have a strict construction, we do not think it can be held to apply to the case as made by the testimony. The engine was not upon a public road, and defendant was not required to keep a man one hundred yards in advance thereof. This view has support in *State v. Snyder,* 25 Iowa, 208. The testimony unqualifiedly shows that plaintiff was driving south on a street forming the western boundary of a block, and had passed halfway down the block when the engine, which came across the vacant block from the southeast toward the northwest corner, frightened the horse. Plaintiff had no occasion to pass the engine, nor was defendant expecting to, nor could he have passed the plaintiff. The case is no different from one where an engine is moving across an open field adjoining a highway, or where it is not moving, but is in operation. We are now discussing the defendant's statutory liability, and are of opinion that the case as presented by the testimony does not fall within the statute.

No claim was made in the petition that plaintiff, who is a married woman, was engaged in any independent voca-.tion. Indeed, she charges that she was unable to follow

2. DAMAGES: action by married woman: instruction.

her usual vocation as a housewife, and nothing else. The trial court, nevertheless, instructed that she was entitled to recover for loss or damage suffered by her due to her inability to pursue any other avocation than that of keeping house for her husband. In this there was manifest error. No claim was made in the petition for the loss of such services.

For the errors pointed out, the judgment must be, and it is, *reversed.*