## McLEAN COUNTY, a Municipal Corporation, Respondent, v. JOHN RATHJEN, Appellant.

### (169 N. W. 580.)

**Old highway — relocated, surveyed and improved — by county commissioners — at county expense — crossing defendant's land — acquiescence in by defendant — obstructing highway — public nuisance — injunction.**

By the county commissioners of McLean county an old highway crossing the land of defendant was relocated, surveyed, and improved at great expense to the county, and for more than ten years defendant acquiesced in such relocation. Hence, it was entirely proper that he should be enjoined from committing a public nuisance by obstructing the highway.

Appeal from the District Court of McLean County; Honorable *J. M. Hanley,* Judge.

Defendant appeals.

Affirmed.

*J. A. Hyland,* for appellant.

To lay out or to re-establish an old highway, a legal petition is necessary and notice of hearing and a proper hearing thereon. Neither can there be a legal highway until the proper order is made and filed establishing it. Laws 1899, §§ 1055, 1056, 1058, 1060, Comp. Laws, 1913, § 1929.

These are jurisdictional requirements and the county commissioners having failed to comply therewith renders their proceedings entirely void. Semerad v. Dunn County, 35 N. D. 437, 160 N. W. 855; Dunstan v. Jamestown, 7 N. D. 1, 72 N. W. 899; Butler v. Barr, 18 Mo. 357; Phibbs v. State, 7 Blackf. 513.

Commissioners appointed to lay out a highway must file a plat of the same in office of the clerks of the towns through which the highway was surveyed; they must have a hearing on the petition; they must give interested parties notice of such hearing; they must make a record of the order approving the survey and the route of same, and they must make and file their order laying out such highway. Their failure to do these things renders their act a nullity. Prescott v. Byer, 34 Minn. 49, 26 N. W. 732; Elliott, Roads & Streets, 402; Commissioners v. Barry, 66 Ill. 496; Dolphin v. Pedley, 27 Wis.

469; Poole v. Breese, 114 Ill. 594, 3 N. E. 714; Wright v. Commissioners, 145 Ill. 48, 33 N. E. 876; Lyle v. Chicago, M. & St. P. R. Co. 55 Minn. 223, 56 N. W. 820; Sherman v. Highway Comrs. 91 Mich. 480, 51 N. W. 1122; Ft. Wayne v. Ft. Wayne & J. R. Co. 149 Ind. 25, 48 N. E. 342; Wayne v. Caldwell, 1 S. D. 483, 47 N. W. 547.

Statutes authorizing the establishment of highways insofar as they authorize the taking of private property, must be strictly construed. There is no presumption in favor of such acts. Curran v. Shadduck, 24 Cal. 427; 37 Cyc. 53; Funderburk v. Spengler, 234 Ill. 574, 85 N. E. 193; Williams v. Giblin, 56 N. W. 644; Isham v. Smith, 21 Wis. 32; State v. Castle, 44 Wis. 670; Ruhland v. Hazel Green, 55 Wis. 664, 13 N. W. 877.

Even where an order is made and filed establishing a highway, it is not conclusive of anything. It is at most only *prima facie* evidence of the purported fact. Roehbrodn v. Schmidt, 16 Wis. 519; Williams v. Mitchell, 49 Wis. 284, 5 N. W. 798; State v. Lague, 73 Wis. 598, 41 N. W. 1061; State v. Harland, 74 Wis. 11, 41 N. W. 1061.

Where the existence of a highway is in dispute, in an action to restrain the road overseer from removing plaintiff's fences, the burden of proof is on defendant to establish the fact of a legal highway. VanWanning v. Deeter (Neb.) 112 N. W. 902.

*John E. Williams,* State's Attorney, and *Wm. Langer,* Attorney General, for respondent.

The highway here in question is an old, established, well-traveled roadway. It has been in existence and used as a highway for thirty years.

During that time slight deviations have been made but it has always remained the same highway, running in the same directions and connecting the same objective points, and has been continuously used by the public and by the defendant himself as a highway, and has been maintained and improved at the public expense. It is a legal highway. Walcott Twp. v. Skauge, 6 N. D. 382, 71 N. W. 544; Burleigh County v. Rhud, 23 N. D. 362, 136 N. W. 1082; Taeger v. Riepe, 90 Iowa, 484, 57 N. W. 1125; Code 1915, § 1928.

"An injunction cannot be maintained to prevent the establishment of a highway by one who has filed a claim for damages on account of

the establishment thereof." Davis v. Boone County, 28 Neb. 837, 45 N. W. 249; Dettmar v. Pittenger (Neb.) 132 N. W. 407; State v. Wertzel (Wis.) 22 N. W. 150.

· By defendant's use of and acquiescence in the highway there was a dedication of the land to the public as a highway. Gerberlin v. Wunnenberg, 51 Iowa, 125, 49 N. W. 861; Ryan v. Kennedy, 62 Iowa, 37, 17 N. W. 142; State v. Waterman, 79 Iowa, 360, 44 N. W. 677.

In such cases "the right of the public does not rest upon a grant by deed, nor under possession for the statutory period of time, but upon the use of the land with the consent and assent of the owner for such a length of time that the public accommodation and private rights might be materially affected by an interruption of the enjoyment. Greenl. Ev. ¶ 662; Case v. Farier, 12 Minn. 89; Schettler v. Lynch, 23 Utah, 305, 64 Pac. 955; Lonaconing R. Co. v. Consolidation Coal Co. 95 Md. 630, 63 Atl. 420.

ROBINSON, J. Pursuant to a contract of purchase made in 1890 defendant owns section 33 in township 144 of range 81 in McLean county. The land is adjacent to the banks of the Missouri river and in places along the south and west section lines it is rough and intersected by streams or creeks so that the south and west section lines have not been opened and used as a public highway. Hence, the highway on the south of the east half of the section is a little south of the section line, and from the southwest corner of the southeast quarter, the highway runs north of northwest until it crosses the west line of the section some 120 rods south of the north line, and then it runs north and parallel to the western line.

This is a part of the main road from Wilton to Washburn. It is a continuation and relocation of an adjacent road which for some forty years was located, used, and traveled in the same general direction across said section, and such relocation was duly surveyed, made permanent by order of the county commissioners of McLean county pursuant to a petition duly filed with the county auditor in the year 1900. On such petition road viewers were duly appointed. They made a report to the county commissioners in favor of such relocation and

the report was accepted and approved. Doubtless an order of relocation was duly made, but in 1905 the courthouse was burned and many of the records were destroyed. The county commissioners went on, improved the road, permanently located the same, and contracted for and caused to be constructed on the line of the road a combination steel and iron bridge 65 feet in length at a cost of $2,000, and they expended several hundreds of dollars in grading the approaches to the bridge.

The present relocation was of great benefit to the defendant because it vacated the adjacent road across said section where the land is more valuable then at the present location, and it shortened the road by making it more direct and left defendant free to use the south and western section lines. The defendant did not appeal from or protest against said permanent location nor against the construction of the bridge or the survey and improvement. Indeed, he acknowledged and acquiesced in the relocation by constructing fences along the highway and by demanding compensation for the site of the same, but, as the county commissioners did not award him damages, since 1915 or 1916 he has on occasions attempted to obstruct the use of the highway, though any such obstruction is a public nuisance.

Under the statute any person feeling aggrieved by an order of the county commissioners in locating a highway or in making an award of damages has a right of appeal, and in case no appeal is taken, then, after the lapse of one year, the order of the county commissioners in altering or discontinuing a highway becomes final. Highways are a public necessity, and the highway in question is a necessity and a convenience to the public and to the defendant himself. He knew, or should have known, of the location of the highway and the building of the bridge and its approaches, and he acquiesced in the same, and he has sustained no damages.

Hence it was entirely proper that he should be enjoined from committing a public nuisance by obstructing the highway. The case is entirely clear and needs no argument or citation of authorities.

Judgment affirmed.

GRACE, J. I concur in the result.

CHRISTIANSON, J. (concurring specially). A careful consideration of the evidence in this case leads me to the conclusion that the defendant ought to be enjoined from obstructing the highway involved in this controversy. I am therefore of the opinion that the trial court properly rendered judgment in favor of the plaintiff, and that such judgment should be affirmed.