THE STATE .V. SNYDER.

1. **Criminal law:** HIGHWAY: EVIDENCE. Under an indictment for obstructing a certain "*county road*," evidence to show a highway by use or prescription is not admissible. *Aliter*, if the word "highway" had been used instead of "county road," which implies one laid off and established under and in the manner provided by the statute.

2. —— COUNTY ROAD: UNCERTAINTY. A record of the establishment of a county road, which fails to show with any certainity the starting point or terminus of the road, is objectionable for uncertainty in a prosecution for obstructing a county road.

*Appeal from Powesheik District Court.*

FRIDAY, JUNE 26.

INDICTMENT for obstructing a "*county road*" therein named. On the trial defendant objected to the introduction of certain record evidence, tending to show the establishment of the road named, as also to parol evidence, that the road referred to had been used and traveled by the general public for over twelve years, etc. The objections were sustained, a verdict of not guilty necessarily followed, and the State appeals.

*H. O'Connor*, Attorney-General, for the State.

*M. E. Cutts* for the appellee.

WRIGHT, J.—I. The indictment charges, that defendant obstructed a certain "*county road*," naming it.

1. CRIMINAL LAW: highway: evidence. From this the only fair inference is, that a road laid off and established in the manner contemplated and provided by the statute was intended. If the charge had been a *highway* simply, the parol evidence would have been admissible. But we

do not think, that, in a case of this kind, a defendant can be charged with obstructing a road which can only be established in one way, and convicted upon proof which shows a *highway* by use or prescription. The pleading, in our opinion, confined the State to one method of proving the establishment of the road. If the pleader had used different language, he could have relied upon the user as well as documentary proof. But not so as the case now stands. *Dimon* v. *The People*, 17 Ill. 416. The statute provides a method for establishing county and State roads. Rev. ch. 46; Code 1851, ch. 38. *Highway* is a more comprehensive term. Rev. § 29, subdiv. 5. But this term the pleader did not use.

II. That the record offered was uncertain and indefinite, so far as it related to the starting point and termination of the road, and quite as much so as to intermediate points, we entertain no doubt. With every disposition to deal most liberally with such questions — ever solicitious to sustain the acts of officers in establishing these roads against all objections which do not go to matters jurisdictional in their nature — or such as do not prejudice the substantial rights of the party charged, we nevertheless cannot, consistently with what we regard as well settled rules, hold that there was error in excluding this record.

*2. —— county road: uncertainty.*

The road is described as starting on the *west side* of a certain farm. But where, is not shown with any thing like certainty or accuracy, nor is there any scale, field notes or other data accompanying the report or proceedings from which it can be fixed or ascertained. Then, after running west 146 rods, the record establishing the road recites, "then comes Bear creek;" but where, at what point, or how the same is indicated, is nowhere stated. And so it proceeds, giving certain "farms" as points in the road, but where located is not stated. Not

only so, but we have endeavored diligently to trace the lines of the road by the courses and distances given, and have been entirely unable to tell its location. And when we come to its termination, we are equally at fault in finding whether it runs the number of degrees named *north* or *south* from the last preceding point, unless it be by inference gathered from other data. So that we feel bound to hold that the objections of uncertainty and indefiniteness were well taken, and that the record was properly excluded.

Affirmed.