## THE STATE v. ROBINSON.

1. **Criminal law:** HIGHWAY: EVIDENCE. In a prosecution for obstructing a *highway*, the State is not confined to documentary evidence of its establishment the same as in a prosecution under an indictment charging the obstruction of a *county road* (25 Iowa, 208), but may prove the existence of the highway by evidence of user and consent for the requisite length of time.

2. —— WIDTH OF HIGHWAY. A prosecution may be supported for obstructing a highway, established by user or prescription, which is of less width than a county or state road established in the manner pointed out by the statute.

*Appeal from Scott District Court.*

FRIDAY, APRIL 22.

WRIGHT, J.— The obstruction charged was of a "highway," not of a county, state or other "road." In this 1. CRIMINAL LAW: highway: evidence. the case differs most materially from *State* v. *Snyder*, 25 Iowa, 208. The State was not confined to documentary evidence in proving the existence of this highway, but was properly allowed to show its establishment and continuance by consent and user. And there was evidence tending to show, and, indeed, we may say very clearly showing, that the highway named was opened by the consent of the adjoining proprietors, recognized by the county authorities, and that for more than ten years it was traveled and used by the public, without let or hindrance on the part of defendant or his grantors.

The errors assigned relate to the instructions. Something is said about the sufficiency of the evidence, but this we are justified in dismissing with the suggestion that there was conflict, and that the preponderance was in favor of the theory of the State, rather than of defendant.

To the court's charge there was no exception, nor does the record in any way show, with certainty, that it is all before us. Assuming it to be, however, we have the less difficulty in disposing of the instructions asked by defendant, and refused. They are twelve in number, and it is in these, if anywhere, that we are to find reversible error, for here alone do we find exceptions duly taken.

We cannot take them up for discussion at length. In almost every instance the very point made is covered with clearness and precision in the instructions in chief. This remark applies to a very large per cent of what were asked. For some others there is no warrant in the testimony, and hence they were properly refused. Aside from these general remarks, applicable to so many cases, but little need be said.

The fact that the county court did not duly establish the highway, following the written consent, might *tend* to show that there was no intention to dedicate the land to the public; but this is quite a different thing from the proposition that such written consent was *no* evidence of this intention and purpose; and this latter thought is that contained in the third instruction, and properly · refused.

And a not dissimilar suggestion applies to the seventh instruction. For while to travel on or use the highway in the manner there stated might not conclusively *show a dedication*, it would certainly *tend* to establish the same. The instruction asked too much.

It is not necessary that a *highway* established, as in this instance, should be of the width of a county or state road, or one established in the manner provided for by the statute. If the public shall not be content with that given or permitted, then a resort may be had to the statutory method. A party will not

3. —— width of highway.

be justified, however, in obstructing it, because it is less than the statutory width.

The ignorance of defendant of the rights which the law would give to the public, by traveling over and using the highway, would not excuse him.

And thus we are brought to the conclusion (notwithstanding the well prepared argument of defendant's counsel, only failing in its aim, perhaps, by reason of a most imperfect record), that this judgment must stand

Affirmed.