## STATE OF IOWA v. WILLIAM TEETERS, Appellant.

**Obstructing Highway: PLEA AND PROOF.** Under an indictment averring generally the obstruction of a highway, a conviction may be had for obstructing a highway established either by dedication or prescription.

**EVIDENCE: PRESCRIPTION.** Evidence that the owner of land lived thereon while a road over it was being used for thirteen years by the public, and that he himself traveled the road, is sufficient to prove knowledge on the owner's part of the use of the road as a highway, so as to establish a highway by prescription under the law prior to 1873.

*Proving Willfulness.* In a prosecution for "willfully" obstructing a highway (Code, section 3979), the word "willfully" means "intentionally," and therefore an admission that defendant placed the obstruction across the road, is an admission of a willful obstruction.

**Sentence: CONSTITUTIONAL LAW.** Code, section 3979, fixing the punishment for willfully obstructing any highway at imprisonment in the penitentiary not to exceed five years, or by fine not exceeding five hundred dollars, and imprisonment in the county jail not exceeding one year, the minimum punishment not being fixed, is not unconstitutional, as imposing excessive fines, or unusual punishment.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

WEDNESDAY, APRIL 8, 1896.

INDICTMENT for obstructing a public highway. Verdict of guilty, and a judgment, from which the defendant appealed.—*Affirmed.*

*Remley & Ney* and *J. M. Cash* for appellant.

*Geo. W. Ball, S. R. Fairall,* and *C. S. Ranck* for the state.

GRANGER, J.—I. The highway charged to have been obstructed, was established either by prescription or by dedication. There is no pretense that it was established by the statutory method of procedure. The court permitted the jury to find the fact of the existence of the highway, either by prescription or by dedication, and the appellant claims that it was error for the court to submit both methods, and says, the fact of the existence of the highway "should appear so clearly by one or the other of the methods, that it excludes the propriety of submitting both." It is urged that, on the trial, the state was bound to elect on which method of establishment it would rely. It is thought that *State v. Mitchell,* 58 Iowa, 567 (12 N. W. Rep. 598), supports the claim, but we do not think so. That case treats only of how highways may be established, by prescription or dedication, and how the fact may be shown. In *State v. Robinson,* 28 Iowa, 514, the indictment charged the obstruction of a public highway, as in this case, and it is there said, that the state was not confined to documentary evidence, in proving the existence of a highway, but was properly allowed to show its establishment by consent and user. The case is, in terms, distinguished from *State v. Snyder,* 25 Iowa, 208, wherein it was charged in the indictment that the obstruction was to a "county road" (meaning one regularly established), and the evidence

was limited, to show the facts as charged. It is not thought that the indictment is so framed as to make it necessary to prove that the highway was established by prescription or by dedication; that is, it does not charge the establishment in either one of the ways, but it avers, generally, the obstruction of a highway. Under such an averment, the fact of the existence may be shown by any competent evidence. This rule is sustained by the authorities cited, and, we think, upon reason.

II. The law of 1873 somewhat changed the rule as to proving the existence of highways by prescription, by providing that the fact of adverse possession shall be proved by evidence distinct from, and independent of, the use, and requiring proof that the party against whom the claim is made had express notice thereof. There was evidence showing travel along the line of the road in question as early as 1843, and the court gave to the jury the rules of evidence, as they existed before and after the law of 1873, and permitted it, if the evidence was sufficient under the former rule, to find that the highway was established before the change in the law; and of this appellant complains, saying that the evidence did not justify it. Reliance is placed on the holding in *State v. Railway Co.*, 45 Iowa, 139. In that case there was an attempt to establish a highway, by prescription, through wild and uncultivated land, and the holding is that open and notorious use of a highway through such lands, does not raise a presumption of notice of the existence of the highway, to the owner. In that case it is said: "His knowledge thereof must be proved, or there must be sufficient ground for the law to raise a presumption that he had information of the use to which his land was devoted." It is also said in that case: "The fact that the owner, for a long time, permitted the public, under a claim of right, to use the

land, authorizes the inference that such use was commenced and continued with his assent. If the highway was opened and used, with the assent or acquiescence of the owner, it will be presumed that he intended to dedicate the land to the public use." A conclusion of the case is stated in these words: "It is our opinion that the use of the land alone, if it be wild or uninclosed timber or prairie, will not raise a legal presumption of notice to the owner of the occupation of his land. We conclude, therefore, that the use alone of uninclosed and wild prairie or timber land will not support a prescription for a highway." It will be understood that we are now considering the case as it may affect the case at bar, under the law as it existed prior to September, 1873. The notice spoken of in that case is simply that of the occupation of his land by the public. The reasoning of the opinion deals with such facts as the owner's non-residence, his living at a long distance from the land, and other facts, because of which it would be unreasonable to infer knowledge or occupation from mere use. In the case at bar, there is hardly room for doubt that the owners of the land, from before 1860 to long after 1873, knew of the use of the highway by the public across their land, so that the fact of knowledge of occupation appears. They resided on the land, saw, and traveled the road. It is a case in which the fact of knowledge is inferable from other facts than mere user. As to the effect of user with knowledge, see *Onstott v. Murray*, 22 Iowa, 457, which case seems to control the branch of this case we are considering.

III. It is a fact that the defendant admitted the placing of the obstruction to stop the travel across his land, and the court so said to the jury, and left it to find the fact as to the existence of the highway. It stated to the jury that the express admission narrowed

the issues to the question, whether the way obstructed was a public highway. The obstruction, to constitute the crime, must have been willful, and the appellant now urges that it was error not to submit the question of "willfulness" to the jury. The language of the law is: "If any person * * * willfully obstruct or injure any public road or highway," etc. Code, section 3979. This means no more than, "If any person intentionally does so, he shall be punished." The admission that defendant placed the obstruction across the road as traveled, was an admission of an intentional or willful obstruction.

IV. There is a complaint that the court rejected testimony offered by defendant as to acts of other parties along the line of road. The argument does not specify the acts, and we infer that reference is made to other obstructions, and, if so, they were on other roads, or so distant from the alleged point of obstruction as to be immaterial.

V. It is said that there was no evidence to justify submitting either the question of a highway by prescription, or dedication, to the jury. We need do no more than say we cannot concur in that view. If it be said that there is room for some doubt on particular questions involved, it still remains that there is evidence of long-continued use on the part of the public, with knowledge and assent on the part of the owners, so as to make the findings of the jury conclusive on the fact of the existence of a public highway.

VI. The indictment is laid under Code, section 3979, which provides penalties for various offenses in maliciously injuring, removing, or obstructing any bridge or plank road, or cutting, burning, or destroying any telegraph posts, or the wires or apparatus thereto belonging, as well as the offense in question, and the penalty is imprisonment in the penitentiary not more than five years, or by fine not exceeding

five hundred dollars, and imprisonment in the county jail not exceeding one year. It is urged to us that the statute is unconstitutional, because it violates section 17, of article 1, of the constitution of the state, which provides that "excessive fines shall not be imposed, and cruel and unusual punishment shall not be inflicted." While, under the act, an excessive fine might be imposed for a technical and practically harmless violation of the law, it could not be said that the law imposed it, for it comes near permitting the least possible punishment. If the law fixed arbitrarily the excessive punishment, the claim of the law being unconstitutional because of it would be more tenable. It is not to be said that the highest penalty possible under the statute would, in all cases, be excessive. Such obstructions might result in great loss of life or property, or both, and be so intended. The safety of travel upon our public thoroughfares, including railways, is within the purview of the statute, involving, as we have said, life and property. It is not the statute that imposes the particular fines, but the court, in the exercise of a discretion authorized by the statute. If such a fine is excessive, within the constitutional meaning, it is the judgment imposing it that is void, and not the statute. The fine in this case is twenty dollars, besides costs, and that is not excessive, and is not thought to be. We have considered all the questions presented that we deem important, and conclude that the judgment should stand.—AFFIRMED.