STATE OF MISSOURI, Respondent, v. J. B. WHITE, Appellant.

St. Louis Court of Appeals, August 6, 1902.

1 Criminal Law: CRIMINAL PROCEDURE: CORPORATION: IN-DICTMENT: PUBLIC ROAD. A corporation is subject to indict-ment for obstructing a public road.

2. ———: PERSONAL KNOWLEDGE OF PRESIDENT OF CORPO-RATION: STATUTORY CONSTRUCTION. Where one partici-pates in an act which constitutes the obstruction of a public road it is immaterial whether or not he knew that the road was legally established; but where the president of a corporation has had no personal knowlege of, or part in, the obstruction of a public high-way by said corporation, he is not liable to conviction for having "willfully or knowingly" obstructed the road, under section 9454, Revised Statutes 1899, in the circumstances stated in the opinion.

3. Definition of "Willfully." The word 'willfully," as used in the statute above cited, does not include an act done innocently and in good faith.

4. Statutory Construction. The words of a statute should be given their plain and ordinary meaning.

Appeal from Ripley Circuit Court.—*Hon. James L. Fort,* Judge.

REVERSED AND REMANDED (*with instructions to discharge defendant*).

*Dinning, Hamel & Dinning* with *J. C. Sheppard* for appellant.

(1) That a corporation is liable for an offense like the one charged in this information, is no longer an open question. "A corporation is liable to indict-ment for nuisances created by the positive act of its

officers or agents in the course of their employment, as by the obstruction of a highway." 7 Am. and Eng. Ency. of Law (2 Ed.), 842; Clark on Corporations, sec. 7, page 198. (2) Of course, to make the corporation criminally liable for the act of its employee, the employee must commit the act in the course of his employment and within the scope of his authority, which he had derived from the corporation, his principal. The information under which defendant was tried, is drawn under section 9454, Revised Statutes 1899, which says: "If any person or persons shall willfully and knowingly obstruct a certain public road," etc. It is not claimed by the State that the defendant did willfully or knowingly obstruct the public road in question, but that the road was obstructed by the employees of the Missouri Tie and Timber Company, of which the defendant is president, and by reason thereof is guilty of the obstruction of said public road. (3) An evil intent is a necessary element of every criminal offense, and that every criminal intent must unite with an overt act to make one guilty of a crime, is a proposition that ought not to be denied by any one. 8 Am. and Eng. Ency. of Law (2 Ed.), pp. 284-287. (4) The Missouri Tie and Timber Company had a deed of right of way over the land of witness J. M. Randle, and if the employees of said corporation, who obstructed said road, had, instead, built a part of the road over the land of said Randle not embraced within said deed of right of way, then, under the facts as proved, this defendant, J. B. White, would not be liable to said Randle for damages which he might have sustained by reason of said trespass. To have made defendant White liable for said damages, the proof would have to show that he directed the commission of the act, or assented thereto after it was done. McNeely v. Hunter, 30 Mo. 332; Holliday v. Jackson, 21 Mo. App. 660; Cainfax v. Chapman, 41 Mo. 484; McManus v. Lee, 43 Mo. 206; Gray v. McDonald, 28 Mo. App.

477; Cooper v. Johnson, 81 Mo. 483; Holliday v. Jackson, 30 Mo. App. 263.

*Thomas F. Lane* for respondent.

(1) The instructions are simple, and plainly declare the law under the evidence. Instruction number 1, defines the law constituting a public highway by user and prescription. Instruction number 2, covers the law relating to the obstruction of public highways. R. S. 1899, chap. 151, secs. 9472, 9454; State v. Macy, 72 Mo. App. 427. (2) The doctrine in England and many of the American States is, that a corporation is liable to indictment for the very identical offense herein charged against appellant. 1 Bishop, New Crim. Law, sec. 420, and notes. The offense of which appellant was convicted is and was, in effect, a public nuisance, and he is jointly liable with the corporation to the penalty inflicted by statute. Favorite v. Cottrill, 62 Mo. App. 119. The directors of a gas company were rightly convicted of nuisance where the act was by their superintendent and engineer, authorized to manage the works; though themselves ignorant of the plan, which in fact was a departure from the one originally contemplated, and which they (the directors) had no reason to believe discontinued. 1 Bishop, New Crim. Law, sec. 316, par. 3, and note. (3) We think that the better rule was stated by the St. Louis Court of Appeals, in the case of Favorite v. Cottrill, 62 Mo. App. 119, when Biggs, J., in speaking for the court, said: "Under the earlier decisions, a corporation could not be held for malicious and tortious acts of its officers and servants, although committed in the discharge of duties imposed. This rule rested on the idea that, as the powers of a corporation were delegated, it could not be conceived as possessing the power 'to do a willful and positive wrong; and, if such wrong were done in its name, the only remedy of the injured party was

against the officers or agents directing or committing the trespass. The modern decisions have repudiated the rule altogether. Therefore, the argument is made by the appellants that the former rule as to the liability of the officer or servant must be considered as overruled, unless such officer was present and actually participated in the commission of the tort. We have been unable to comprehend the force of this argument. It certainly finds no support in the adjudicated cases.''

BARCLAY, J.—This prosecution was instituted in the Ripley Circuit Court to the November term, 1901, by information of the prosecuting attorney, against the Missouri Tie and Timber Company (a corporation dealing in timber, and operating a private railroad in said county) and against J. B. White, its president, and J. T. Henderson. During the progress of the trial a *nolle* was entered as to all the defendants, except White, the president of the said company. The trial proceeded as to the remaining defendant before a jury. At the conclusion thereof he was found guilty as charged in the information, and his punishment assessed at a fine of $60. After unsuccessful motions for a new trial, and in arrest of judgment the defendant appealed.

The information is founded on section 9454 (R. S. 1899) and it charges the Missouri Tie and Timber Company, a corporation, and its officers, the defendant, its president, and Mr. Henderson, its manager, with misdemeanor in that they did "unlawfully, willfully and knowingly obstruct a certain public road" in Carter county, Missouri, near the residence and farm of J. M. Randle,, etc., by "building a railroad with crossties and steel rails in and upon, along and across the right of way of said road," etc.

At the trial it appeared that the public road in question had been used and improved as such for some twenty years. That the Missouri Tie and Timber

Company, in order to bring out timber for its business purposes, had built its railroad in such a manner as to obstruct the public road for about one hundred and sixty feet of its course. The company had a recorded deed for a "right of way" for the aforesaid railroad through the farm of Mr. Randle who, it may be inferred, was the proprietor of the land on both sides of the public road.

Defendant is the president of the company, but there is no proof whatever of any personal direction, management or participation on his part in the acts charged to constitute the misdemeanor, other than may be inferred from his office as president. On the contrary, a Mr. Henderson was jointly indicted as defendant and he was shown to be the manager of the timber company referred to. That fact, in so far as it has a bearing, rather tends to indicate that the practical direction of the company work, of the sort in question here, devolved upon Henderson. But be that as it may, there is nothing to show that defendant exercised any personal management in designing or executing the obstruction in this public road. There is no testimony that Mr. White was present at any time on the premises in question, or anything tending to prove personal knowledge of the fact of the obstruction complained of.

In this state of the evidence the court gave the following instructions:

"1.  The court instructs the jury that if they find and believe from the evidence that said road described in the information filed in this case, has been used by the traveling public for a period of ten consecutive years and that public money or labor has been expended on said road for such period of time, then the court instructs you that said road is a public road within the meaning of the charge in the information.

"2.  The court instructs the jury, that if they find and believe from the evidence in this case said Van

Buren and Pocahontas road is a public road and that the defendant J. B. White by placing crossties and steel rails on said road, and building a railroad on said public road or any part of said public road, within one year prior to the filing of the information, at the place described in the information, and that so placing said crossties and steel rails, obstructed said public road or any part thereof, then you will find defendant guilty as charged in the information, and fix the penalty at a sum not less than five dollars nor more than one hundred dollars.''

The court refused to give a binding instruction to find for defendant.

This prosecution proceeds upon the statute which affixes a penalty to the act of one who ''shall willfully or knowingly obstruct any public road.'' But it was never designed to reach a defendant in the position of this one. There is not the slightest evidence of any personal knowledge by defendant of the fact of the obstruction of the public road. The fact that defendant is president of the road does not warrant the inference that he willfully or knowingly obstructs every public road which his company may obstruct. It is established law that the corporation itself was subject to indictment for obstructing the road. 5 Thompson, Corps., sec. 6426. The words ''willfully or knowingly'' should be given their plain, ordinary and natural force and effect. If defendant had personal participation in the wrongful act it would be immaterial whether or not he knew that the alleged public road was legally such. State v. Wells, 70 Mo. 635. But in the face of the facts in evidence which fail to show any personal act or even the personal knowledge or presence of the defendant, it is vain to insist that he ''willfully or knowingly'' committed the wrong charged.

The significance of the word ''willfully,'' as applied to prosecutions of this nature, has undergone full exposition in another jurisdiction, where it was held

that an obstruction of a public road perpetrated in entire good faith and innocence by defendant did not fall within the penal provisions of a statute similar to ours. State v. Preston, 34 Wis. 682. For stronger reason should it be held that a defendant, not shown to possess even knowledge of the fact of the obstruction, is guiltless of the crime denounced by a statute in the form of that now under discussion.

The court should have told the jury (by the instruction asked) that there was no testimony of any offense on the part of defendant.

The judgment is reversed and the cause remanded with the direction to discharge the defendant. *Bland, P. J.,* and *Goode, J.,* concur.