PETER BERGER, Appellant, v. MORTON COUNTY, a Public Corporation and Political Subdivision of the State of North Dakota, and the Board of County Commissioners of Said County, Consisting of J. W. Stevenson, J. I. Rovig, Steve Brigl, W. H. Morman, George Blank, and Their Agents and Servants, Respondents.

(221 N. W. 270.)

Opinion filed October 1, 1928.

*T. J. Krause,* for appellant.

*C. F. Kelsch,* State's Attorney, for respondents.

BIRDZELL, J. The plaintiff, Peter Berger, as the owner of the west half of section twenty-four, township one hundred thirty-six, range eighty-three, in Morton County, brings this action to restrain the defendants from trespassing and from doing any grading or any work whatsoever in attempting to maintain a public highway through or up-

on the land. In his complaint he also alleged damages sustained, but upon the trial this claim was abandoned. In their answer the defendants admit their entry upon the premises in question and their intention to continuously and repeatedly enter for the purpose of grading and maintaining a public highway. They allege that such highway runs across the property of the plaintiff, as shown by a survey; that it has been opened and in use continuously since 1904, as a result of which user the public has acquired a highway by prescription. At the conclusion of the trial the court found the following facts: that the plaintiff was the owner of the land in question; that prior to 1904 a trail known as the Black Hills Trail, connecting the cities of Mandan and Flasher, ran over, upon and across the premises described as a public highway; that this trail had since become known as Morton County Trail No. 61 and was in an unorganized civil township in county commissioner's district No. A, legally known and designated as a road district in Morton county; that during the year 1904 the surveyor made a survey of highway No. 61, including that portion which crossed the plaintiff's premises; that the highway as so surveyed was openly, notoriously, continuously, peaceably and adversely used and traveled by the general public from the year 1904 to the year 1917, inclusive; that during the spring and summer of the year 1917 Commissioner Brown of road district A, at the request and upon the application of the plaintiff, caused that portion of the highway running over the latter's land to be changed and relocated in part and that by reason of such change and relocation the highway was moved in an easterly direction approximately 44 feet at the top of a hill known as "Oak Coulee Hill," and that from that point the road as changed and relocated ran in a southwesterly direction converging with the original trail or road at a point upon the plaintiff's premises; that the highway, as changed and relocated in part, did not materially change the identity of the line of travel and did not change the objective points within and upon the plaintiff's premises; that from and after the change in 1917 as described the highway as so changed and relocated in part was openly, notoriously, continuously, peaceably and adversely used and traveled by the general public and by the plaintiff up to the time of the commencement of this action; that the county commissioners of Morton county graded, maintained and repaired the highway in ques-

tion and expended approximately the sum of $500.00 in so doing; that the plaintiff had knowledge of all the material facts, consented to and acquiesced in such change and relocation and approved and acquiesced in the acts of the county commissioners in improving, grading, maintaining and repairing the highway at all times. Upon these findings the court concluded that the defendants had acquired a public highway over and upon the plaintiff's premises under the common-law right of prescription; also, that the plaintiff had consented to and acquiesced in the change and relocation of part of said highway and waived his right to complain and become estopped from assailing or denying the existence of a public highway so acquired by the defendants and the general public. From a judgment of dismissal and for costs the plaintiff has appealed.

It is first urged here that under the law of this state a public highway cannot be established by prescription unless it existed for twenty years prior to the enactment of chapter 112 of the Session Laws of 1897. See § 1918, Compiled Laws of 1913. This argument is based upon the proposition that, since § 1 of chapter 112, Laws of 1897, in defining what are public roads, includes all roads which had been open and in use as such during the twenty years next preceding the time when the act should take effect, it negatives an intention that any highways might be gained by prescription thereafter by twenty years' subsequent user. Or, to state the argument briefly in other language, the plaintiff contends that there is no common law in this state whereby a public highway may be acquired by prescription; that the only prescriptive highways that can exist legally are such as were based on twenty years' user prior to 1897.

In the Territorial Code of 1877 it is declared (§ 37, chapter 29) that all public highways which have been or may hereafter be used as such for twenty years or more shall be deemed public highways. See also § 1, sub-chapter 2, chapter 112, Session Laws of Dakota for 1883; § 1227, Compiled Laws of Dakota for 1887; Walcott Twp. v. Skauge, 6 N. D. 382, 71 N. W. 544. But in 1895, chapter 37 of the Territorial Political Code was repealed by enacting § 1050, Revised Codes of 1895, which, among other things, provides: ". . . but no road traveled or used by one or more persons over another's land shall hereafter become a public highway by use." This statute was in turn

repealed by chapter 112, Session Laws of 1897, and the specific contention is that the repeal of the 1895 act containing language negativing the right to obtain a public highway by user did not have the effect of reviving either the earlier statute affirming that right or the rule of the common law of which such earlier statute was merely declaratory. This point was ruled against the appellant's contention in Burleigh County v. Rhud, 23 N. D. 362, 136 N. W. 1082, where this court said (pages 366 and 367 of the state report):

"We have, therefore, no statutory right of prescription in the state of North Dakota. It, however, is also true that when a statute which abrogates a rule or principle of the common law is repealed, the common-law principle or rule is, ipso facto, revived, unless there is something to show a contrary intent on the part of the legislature (8 Cyc. 377, and cases cited), and that therefore we may say that since the enactment of the statute of 1897, the common-law rule in regard to highways by prescription has been revived." (12 C. J. p. 187.)

We do not attribute persuasive force to the argument that the omission in 1897 to provide for a revival of the territorial law of 1877 is evidence of a legislative intent that the common law rule of which the territorial law was declaratory should not be revived. We adhere to the former expression of this court in Burleigh County v. Rhud, supra.

The further contention is advanced that in order for a highway to be acquired by prescription it is necessary that there should be a definite line of travel and that the record here fails to show that there was a continuous, adverse user of a highway following a definite line. This contention obviously depends upon the facts with reference to the location of the trail across the plaintiff's land, the variations in the line or lines of travel and the circumstances in which these variations were made. The record shows beyond dispute that the old Black Hills trail traversed the land in question, but it further shows that travel upon this trail was not at all times confined within a narrow strip such as would be embraced within a regular highway; but that, on the contrary, there were variations due to the presence of rock, to the difficulty of making ascent upgrade under different weather conditions, and the like. However, the main trail apparently was so well defined that those who had traveled it more than twenty years prior

to the bringing of this action were able to say that it was located "practically right where the roads runs now."

The record shows clearly, however, that in 1904 the county surveyor surveyed this trail and filed the survey as that of the "Black Hills Trail County Road No. 61," and it further shows that again in 1916 or 1917 the county commissioners decided to grade this road. It shows that before making the survey the county surveyor looked up the notes of the original survey and that he staked out the road according to the original notes. It appears that as the road was being thus staked out across the land of the plaintiff, the latter desired to have some change made in its location. The evidence is in conflict as to there being an agreement upon a definite change at that time, but it shows nevertheless that as a result of the intercession of one of the county commissioners the surveyor deviated from the old route to the extent of about 44 feet at a certain point upon the plaintiff's land, from which point the line was so run as to converge with the original survey and trail some distance beyond. While the plaintiff testifies that the deviation was not so made at his solicitation or with his approval, we think the record shows that it was made with his knowledge and that he acquiesced therein. It also shows that there would have been no deviation from the old route but for the desire of the plaintiff to have the road relocated. We are of the opinion that, in view of the circumstances in which the change was made in 1916, 1917, it cannot be said that there has not been a continuous and adverse user of a definite line of travel. The plaintiff, down to the bringing of this action, has continuously recognized the right of the public to use the trail or road in question across his land. He recognized it in 1916 when he desired the road relocated. Having acquiesced in its relocation and having stood by while the public authorities expended public funds in the improvement of the road as thus located, he is not in a position to question either the identity of the line of travel or the continuity of the use. Volenti non fit injuria. Comp. Laws 1913, § 7249. The findings of the trial court on these matters are well supported by the evidence. See Kleppe v. Odin Twp. 40 N. D. 595, 169 N. W. 313; McLean County v. Rathjen, 41 N. D. 73, 169 N. W. 580.

We are not to be understood as holding that a voluntary departure on the part of the general public of more than 40 feet from the regular

line of travel and an abandonment of the original way would not break the continuity of the adverse use and prevent the acquisition of a highway by prescription. We are not called upon to express an opinion upon such a set of facts in this case.

The judgment appealed from is affirmed. It is so ordered.

NUESSLE, Ch. J., and BURKE, CHRISTIANSON, and BURR, JJ., concur.