383 P.2d 243

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Paul BROWN and Marie Anne Brown, his wife, Defendants-Appellants.**

No. 7213.

Supreme Court of New Mexico.

July 8, 1963.

Robert Hoath LaFollette, Charles Driscoll, Albuquerque, for appellants.

Early E. Hartley, Atty. Gen., Joel M. Carson, Asst. Atty. Gen., Santa Fe, for appellee.

CHAVEZ, Justice.

In two of the three consolidated cases before us, appellants, Paul Brown and Marie Brown, were convicted in the justice of the peace court in Tierra Amarilla, New Mexico, of the offense of obstructing roads in violation of § 55–6–2, N.M.S.A., 1953 Comp. From the judgments entered in said causes, appeals were taken to the district court. The third cause, being No. 3342, originated in the district court upon an information filed by the district attorney, accusing ap-

pellant Paul Brown of wilfully mutilating, defacing or destroying a public highway, in violation of the above cited section. The three cases were consolidated for trial. The district court, upon the appeals from the justice of the peace court, found appellants guilty in cause No. 3336 and entered a judgment wherein Paul Brown and Marie Brown were each fined the sum of $50 and costs. In cause No. 3360–A, judgment and sentence were entered against appellant Paul Brown, sentencing him to thirty days in the county jail and to pay a fine of $50. In cause No. 3342, judgment was entered ordering Paul Brown to pay a fine of $50 and to be confined in the county jail for thirty days, the sentence to run concurrently with the sentence imposed in cause No. 3360–A. Timely appeals were made to this court.

The facts necessary for a decision will be set out under the relevant points.

Appellants contend that the acts committed were not on public roads but were done on their own private property, so that a prosecution for obstructing a public road cannot properly be brought against them. The basis for this contention is that their title to the lands was established by two means. The first of these was a tax deed given to them by the state when appellants purchased the lands in 1950 at a tax sale. Inasmuch as the tax deed did not except the lands over which the roads in question pass, appellants contend the state

did not reserve title to the lands so that title was passed to appellants to the entire tract.

As authority, appellants cite Alamogordo Improvement Co. v. Prendergast, 43 N.M. 245, 91 P.2d 428, 122 A.L.R. 1277, and Alamogordo Improvement Co. v. Hennessee, 40 N.M. 162, 56 P.2d 1127, in which this court held that a tax deed conveys a new and paramount title in fee simple, striking down all previous titles and interests in the property. Appellants overlook the qualifying statement found in Alamogordo Improvement Co. v. Hennessee, supra, limiting the title so acquired as being superior to all interests except those of the state and the United States. In Schmitz v. New Mexico State Tax Commission, 55 N.M. 320, 232 P.2d 986, this court held that lands belonging to the state are not subject to taxation, that any assessment of such lands for taxation is void, and that any sale of such lands by the state for the collection of delinquent taxes is also void.

The evidence adduced at the trial established that the title to the lands underlying the roads was in the state by prescription. Therefore, insofar as the tax deed purported to convey the lands underlying the roads to appellants, it is void.

The second basis for appellants' contention, that the title to the lands was in them, is a suit to quiet title brought by them in 1953. The judgment resulting from said action settled title to all the lands here involved in appellants as against the defendants named in the complaint. However, said judgment does not aid appellants as the state was not made a party to the suit. The state was not given notice of the proceedings, nor was process had upon the state at any stage of the proceedings. Therefore, the interests of the state were in no way adjudicated or affected by the 1953 decree.

■ Appellants next contend that criminal intent must be established to convict an accused under the pertinent statute, even though the statute is silent as to this element. Section 55–6–2, supra. They assert that they acted in good faith at all times and without criminal intent, as they believed they owned the lands involved and that the obstructions were placed on lands · which they believed they owned. They would read § 55–6–2, supra, in the light of the common law so that the existence of a criminal intent is to be regarded as essential, even though the terms of the statute do not require it. State v. Shedoudy, 45 N.M. 516, 118 P.2d 280. In State v. Alva, 18 N.M. 143, 134 P. 209, while recognizing the general rule as contended for by appellants, this court went on to say:

"In connection with the general rule, however, it must be borne in mind that the Legislature may forbid the doing of an act and make its commission crim-

inal, without regard to the intent of the doer, and if such an intention appears, the courts must give it effect although the intention may have been innocent."

22 C.J.S. Criminal Law § 30, pp. 104–105, states the rule as follows:

"It has been held, however, that mens rea or criminal intent is not an element of the offense where the commission of omission of an act is made a crime without any express reference to intent, and that guilty knowledge or scienter is not a necessary element of a crime unless made so by the statute defining the crime. * * * Ordinarily, mens rea or a criminal mind is not an element of the offense in the case of statutory crimes not involving moral turpitude passed in aid of the police power of the state. * * *

"Generally, where the offense is malum prohibitum, intent and knowledge are not elements of the crime, unless expressly made so, and all that is required for the commission of the crime is the intentional doing of the prohibited act itself, regardless of whether the doer intended to commit the crime resulting from the intentional act. * * *"

Other jurisdictions have had occasion to construe similar statutes pertaining to obstructing roads and have come to the conclusion that the acts complained of by the state are malum prohibitum and do not require proof of criminal intent to justify conviction. State v. Nesbitt, 79 Idaho 1, 310 P.2d 787; State v. Faith, 180 Mo.App. 484, 166 S.W. 649; People v. Troia, 207 Misc. 463, 141 N.Y.S.2d 90. State v. Shedoudy, supra, went further than appellants say. This court said that the question of whether criminal intent is to be considered as essential is a matter of construction, which is to be determined from a consideration of the matter prohibited and the language of the statute in the light of the common law rule.

The offense charged was obstruction of roads. The state has a distinct interest in keeping its roads free from obstructions so that its citizens may travel without hindrance thereon. It would not matter to the state whether or not an act which effectively obstructed its roads was done intentionally. It merely wants to keep its roads open. In order to protect this interest for the state, the legislature has prohibited acts which result in the obstruction of the state's roads without regard to the intent of the doer. Therefore, in prosecuting violations of this statutory offense, the intent or belief that the road was a private one is not to be considered by the courts.

■ Appellants' third point is that, as appellants' title to real estate and the location of the boundaries of their land were necessarily drawn into question by their

defense, a justice of the peace court has no jurisdiction to hear the case. N.M. Const., Art. VI, § 26; § 36–2–4, N.M.S.A., 1953 Comp. This point was settled in Wood Garage v. Jasper, 41 N.M. 289, 67 P.2d 1000, 115 A.L.R. 496, wherein this court quoted with approval from Pankey v. Modglin, 116 Ill.App. 6:

"'* * * Where the statute gives a justice of the peace jurisdiction, courts are powerless to impose limitations on such jurisdiction by construction. The fact that title may be incidentally involved does not oust a justice of the peace of jurisdiction. * * * Unless otherwise provided by statute, the test as to whether title, is so directly involved as to deprive a justice of the peace of jurisdiction, is whether the issues to be litigated demand a judgment affecting title. Where the issues demand a judgment for the recovery of money only, title is not directly involved.'"

Section 55–6–1, N.M.S.A., 1953 Comp., grants jurisdiction to justices of the peace to hear prosecutions for the obstruction of the roads of this state. The penalties which shall be imposed upon persons convicted of this offense are a fine not to exceed $50, or imprisonment in the county jail for a period not to exceed thirty days, or both such fine and imprisonment. Section 55–6–2, supra. Nothing is said in either of these sections, or in other parts of the statute pertaining to this offense, which gives jurisdiction to justices of the peace to rule on the state of the title of the lands concerned. This being so, the issue as to who owns the lands is only incidentally involved and justices of the peace have jurisdiction to hear the action.

■ The last point raised by appellants is that the information in cause No. 3342 is defective in that it fails to allege an offense and is void. The information filed was in the following form:

"W. R. KEGEL, District Attorney for the County of Rio Arriba, New Mexico, accuses the defendant, Paul Brown, of violation of Section 55–6–12, N.M.S.A., 1953 Compilation, in that he did wilfully mutilate, defeace (sic) or destroy a public highway, to-wit, the highway between Ojito and Gabilon (sic) and charges that said act occurred in the County of Rio Arriba, State of New Mexico, between the 22nd and 25th days of May, 1959."

Prior to the term of the court and the arraignment of appellant Paul Brown, the information was amended on the motion of the district attorney so as to show that the statute offended was § 55–6–2, supra, rather than § 55–6–12, N.M.S.A., 1953 Comp.

Appellants state the information charged a violation of § 55–6–2, supra, by number, while charging a violation of § 55–6–11, N.M.S.A., 1953 Comp., by words. Section

55–6–2, supra, makes it unlawful for any person in any manner to obstruct a public road. Section 55–6–11, supra, makes it unlawful for any person to injure or damage any public highway.

Section 41–6–7, N.M.S.A., 1953 Comp., states that an indictment or information is valid and sufficient if it charges the offense in one or more of the following ways:

"(1) * * *

"(a) By using the name given to the offense by the common law or by a statute.

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

"(2) The indictment or information may refer to a section or subsection of any statute creating the offense charged therein, and in determining the validity or sufficiency of such indictment or information regard shall be had to such reference."

■■ There are two factors to be considered in determining if an information is sufficient to support a conviction: (1) Does the information furnish charges against the accused which are sufficient to allow him to make his defense? and, (2) is the court well enough informed of the facts alleged that it may decide whether there are sufficient allegations to support a conviction? State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1. If appellant Paul Brown had desired clarification of the charge against him, he could have asked the court for a bill of particulars. Ex parte Kelley, 57 N.M. 161, 256 P.2d 211; State v. Shroyer, 49 N.M. 196, 160 P.2d 444; State v. Roy, supra. The record is devoid of any request by appellants for a bill of particulars.

In Smith v. Abram, 58 N.M. 404, 271 P.2d 1010, in a habeas corpus action, the state had charged the defendant with the crime of embezzling personal property contrary to § 41–4519, N.M.S.A., 1941 Comp. At the time the information was filed, § 41–4519, supra, had been repealed and § 41–4524, N.M.S.A., 1941 Comp., covering the same offense, had been enacted. The defendant contended that the information failed to allege any crime at the time the information was filed due to the repeal of § 41–4519, supra. This court held defendant's contention to be without merit, quoting from Martin v. United States, (10 C.C.A.1938), 99 F.2d 236:

" '* * * If reference to a statute is essential for the reason that the indictment does not make sense or is lacking in necessary allegations without it, an incorrect reference may be fatal. But where an offense is otherwise suffi-

ciently charged, an incorrect reference to a statute does not render the indictment invalid. That doctrine applies where the mistaken reference occurs in the body of the indictment. * * *'"

This court went on to say:

"It may be true that the pleader in drafting his information had before him and in mind § 41–4519 in the preparation of the charge upon which the petitioner entered a plea of guilty, but it certainly does not follow, as a matter of law, that because thereof, the petitioner must be discharged. Certainly if the information charges an offense against the laws of the state, under the provisions of § 41–4524, supra, the ineptitude of the pleader's diction would not operate to nullify the information.

"We believe the information is sufficient under the decisions of State v. Konviser, 57 N.M. 418, 259 P.2d 785; State v. Shroyer, 49 N.M. 196, 160 P.2d 444; and State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1. * * *"

It follows from what has been said that the judgments of the district court should be and they are hereby affirmed.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.