Carl G. KEIDEL and Keith C. Keidel, Plaintiffs and Appellees,

v.

James Clifford RASK, Defendant and Appellant.

Civ. No. 9690.

Supreme Court of North Dakota.

March 13, 1980.

Fleck, Mather, Strutz & Mayer, Bismarck, for plaintiffs and appellees; argued by Russell R. Mather, Bismarck.

Benjamin C. Pulkrabek, Mandan, for defendant and appellant.

SAND, Justice.

James Rask appealed from a judgment of the Morton County District Court which granted a 40-foot wide prescriptive right of travel over a road located on Rask's property. We reverse that portion of the judgment which fixed the prescriptive width at 40 feet and remand the case for further determination of that issue.

James Rask and Carl and Keith Keidel own adjacent parcels of real property in Morton County, North Dakota. A gravel road known as Keidel Road runs in an east-west direction across Rask's property and terminates at the Carl Keidel farm. Another road, Chokecherry Lane, runs in a general north-south direction across the Keidel property and intersects with Keidel Road. Over the past several years, the Keidels and Rask have had a dispute over whether or not the intersection of Chokecherry Lane and Keidel Road was located on Rask's property. Because Rask believed the intersection was located on his property, he erected a barricade across Chokecherry Lane which blocked vehicles traveling on Chokecherry Lane from entering onto Keidel Road. The barricade did not interfere with travel on Keidel Road.

The Keidels initiated legal proceedings in this case by asking for an injunction to remove Rask's barricade from across Chokecherry Lane. It was stipulated by the parties that the issue concerned the ingress and egress over the intersection of Chokecherry Lane and Keidel Road, arising out of an alleged prescriptive right of travel over the Rask property which abutted the intersection of Chokecherry Lane and Keidel Road.

Morton County District Judge Lyle G. Stuart, on 4 Nov 1977, granted the Keidels' motion for a temporary injunction and ordered Rask to remove the barricade. On 16 Nov. 1978, a hearing was held before Judge Stuart to determine whether or not a permanent injunction should be issued to enjoin Rask from erecting a barricade at the intersection of Chokecherry Lane and Keidel Road. At the hearing on the permanent injunction, Rask presented evidence that the entrance of Chokecherry Lane onto Keidel Road was changed sometime between the beginning of the prescriptive period in 1957 and 1971 and was then located to the west of the 1957 entry point. The district court found no evidence of a "public" use of Chokecherry Lane because the testimony indicated that use of the road was sparse and spasmodic and confined to a very few individuals. Judge Stuart then denied the permanent injunction and ruled that Rask could re-erect the barricade because the Keidels failed to establish Chokecherry Lane as a highway by prescriptive use.

The Keidels moved the district court to amend its findings of fact, but before the motion was heard Judge Stuart removed himself from the case. On 2 Feb 1979, the North Dakota Supreme Court designated District Judge Norbert J. Muggli to preside at the hearing on the motion, and after he reviewed the trial record and exhibits in the case, Judge Muggli issued a memorandum opinion on 12 June 1979. The court again determined that the use of the frequently altered entrance of Chokecherry Lane onto Keidel Road was so insubstantial as to prevent Chokecherry Lane from becoming a prescriptive public road. However, the findings were amended by Judge Muggli to reflect that the east-west Keidel Road did qualify as a public roadway 40 feet in width and that Rask was prohibited and enjoined from erecting any barriers upon the 40-foot roadway known as the Keidel east-west road.

The court reached this conclusion on the basis that the Keidel Road was 40 feet wide and that a portion of that prescription extended into Chokecherry Lane at the point where the two roads intersected. Therefore, although Chokecherry Lane itself was not established as a highway by prescriptive use, that portion of Chokecherry Lane including the barricade lying within the Keidel Road prescriptive easement was considered a part of the easement acquired by the prescriptive use of the Keidel Road.

Rask moved the district court to again amend the findings or, in the alternative, for a new trial. The district court denied both of these motions and Rask appealed the case to this court.

Two issues on appeal are (1) whether or not the district court erred in finding that the prescriptive width of Keidel Road was 40 feet, and (2) whether or not the district court erred in denying Rask's motion for a new trial.

■ As to the final issue, a controversy about the width of a highway acquired by user presents a question of fact, and when tried by the court, without a jury it is a question of fact to be determined by the court. *Kritzberger v. Traill County*, 62 N.D. 208, 242 N.W. 913 (1932). In the instant case, the district court determined in its amended findings of fact that the prescriptive width of Keidel Road was 40 feet.

■ Rule 52(a), North Dakota Rules of Civil Procedure, provide that the findings of fact of the trial court sitting without a jury shall not be set aside unless they are clearly erroneous. A trial court's finding of fact is "clearly erroneous" only when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Peterson v.*

*Hart,* 278 N.W.2d 133 (N.D.1979); *In re Estate of Elmer,* 210 N.W.2d 815 (N.D. 1973).

To resolve this issue we must examine the pertinent statutes and the facts as presented to the court.

The establishment of public roads by prescription is permitted in North Dakota by § 24–07–01, North Dakota Century Code, which provides as follows:·

"*Public roads by prescription.*—All public roads and highways within this state which have been or which shall be open and in use as such, during twenty successive years, hereby are declared to be *public roads or highways* and confirmed and established as such whether the same have been laid out, established, and opened lawfully or not." .[Emphasis ours.]

*Kritzberger v. Traill County, supra; Burleigh County v. Rhud,* 23 N.D. 362, 136 N.W. 1082 (1912).

Section 24–01–01.1. "*Definition of words and phrases.*—The following words and phrases when used in this title shall, for the purposes of this title, have the meanings respectively ascribed to them in this chapter:

"20.· 'Highway, street, or road' shall mean a general term denoting a public way for purposes of vehicular travel, including the entire area within the right of way. A highway in a rural area may be called a 'road', while a highway in an urban area may be called a 'street'.

"37. 'Right of way' shall mean a general term denoting land, property, or interest therein, acquired for or devoted to highway purposes and shall include, but not be limited to publicly owned and controlled rest and recreation areas, sanitary facilities reasonably necessary to accommodate the traveling public, and tracts of land necessary for the restoration, preservation and enhancement of scenic beauty adjacent to the state highway system."

Section 24–01–01.2. "*State highway system—Mileage.*—The state highway system shall not exceed seven percent of the entire road mileage of the state,

whether such roads are township, county, or state roads, which may be functionally classified as to service, and in no case shall such highway system exceed seven thousand seven hundred miles [12,391.95 kilometers] in length."

These statutes clearly indicate that the public highways in North Dakota are not limited in width to the actual traveled surface of the roadway. In *Kritzberger v. Traill County, supra,* a statute was in effect which provided that the minimum width of a public road be 66 feet. The court held that where the landowner permitted a road on his property to be acquired by prescription it was presumed to have been intended to have the road conform to the minimum width of 66 feet. The statute considered in *Kritzberger* has been repealed and no statute specifying the minimum width of a public road has been enacted.

As a general rule, the extent of an easement by prescription is fixed by the use through which it was created, and no use can be justified under a prescriptive easement unless it can fairly be regarded as within the range of privileges asserted by the adverse user and acquiesced in by the owner of the servient tenement. 5 Restatement of Property 2992, § 477 (1944); *Walter v. Martinson,* 276 Or. 411, 255 P.2d 21 (1976).

The width of a prescriptive public road established in the absence of a law specifying its width is determined from the extent of actual use of the property for roadway purposes over the prescriptive period. We think this width necessarily includes not only the actual traveled surface area of the roadway, but also any adjacent land which is needed for the prescription to be maintained as a public road, including any land reasonably necessary for ditches, shoulders, and slopes.

This position was stated at 39A C.J.S. *Highways* § 20(b) (1976), as follows:

"Generally speaking, the width and extent of a highway established by prescription or user are governed, measured, and limited by the extent of the actual user

for road purposes. The easement is not, however, necessarily limited to the beaten path or traveled track, or to such path and the ditches on either side, but carries with it the usual width of highways in the locality, or such width as is reasonably necessary for the safety and convenience of the traveling public, and for ordinary repairs and improvements."

The exhibits (pictures) and the testimony clearly established that the Keidel Road was improved (graded) at least once with a regular road maintainer (grader). It also creates a presumption that this was done while the road was being used as a public road. In addition, there was testimony that the county removed snow from this roadway during the prescriptive period.

Three witnesses testified at the hearing as to the width of Keidel Road. Richard Schnell, the Morton County State's Attorney, testified for Rask that he paced out the graveled portion of Keidel Road and that it measured "exactly 20 steps, toe to toe." Rask, too, stated at the hearing that he measured the east-west Keidel Road and that it was 19 feet wide. Neither of these measurements took into account anything other than the actual traveled surface area of the roadway, but photographs taken of the area and admitted into evidence revealed that there were ditches and roadside slopes which we believe should have been considered in determining the width of Keidel Road.

The third witness who testified as to the width of Keidel Road was George J. Toman, a Mandan city engineer, who drew a plat of the area which was introduced at the hearing as plaintiff's exhibit No. 5 and admitted into evidence without objection. The plat was prepared by Toman at the request of the city of Mandan on 14 Dec 1976 and fixed the width of the Keidel Road easement at 40 feet, 20 feet on each side of a specified centerline. Toman was asked why he used that particular width and answered that that was the width requested by the

city of Mandan and was normal for private drives such as Keidel Road. Toman stated that the roadway itself was not a full 40 feet across.

With this evidence in the record before it, the district court concluded that the prescriptive width of Keidel Road was 40 feet. The district court expressly made this finding in reliance upon plaintiff's exhibit No. 5 which was entered into evidence without objection. If there were no other testimony relative to plaintiff's exhibit No. 5, then we think the district court's finding would have to be affirmed as being supported by some evidence in the record under Rule 52(a), NDRCivP. However, the testimony of Toman, the engineer who drew the plat, indicated that the 40-foot width was used merely because that was the width requested by the city of Mandan and normal for private drives. This alone was not supportive of the finding of fact.[1]

■ Although we usually make every effort to dispose of issues on appeal without remanding the case to the trial court, the evidence needed in this case for an accurate determination of the width of Keidel Road simply is absent from the record. The record was very unclear as to whether or not Keidel Road is within the Mandan city limits and, if it is, when it became part of the city. This court held, in *Kritzberger v. Traill County, supra,* that a landowner who permitted a road on his property to be acquired by prescription was presumed to have intended a road of statutory width. That case addressed a North Dakota statute in effect in 1932, but long since repealed, which required all roads to have a minimum width of 66 feet. Therefore, if Keidel Road came within the city limits before the expiration of the 20-year prescription period, it was necessary to know precisely what ordinance or requirement the city had pertaining to minimum road widths.

■ Further, if the city of Mandan had no minimum road width requirement, or if

1. It should be noted here that the trial court's opportunity to see the witnesses and observe their demeanor is not a factor because the amended findings of fact were prepared by a substituted judge who reviewed the same "cold record" as we are doing on appeal.

Keidel Road was not in the city limits at the end of the prescription period, then there is no evidence to indicate that 40 feet was the correct width of the easement. We do not believe that a "toe-to-toe" measurement of the traveled portion, without anything more, was sufficiently accurate to determine the width of a prescriptive use. Because the width of a prescriptive road easement under § 24–07–01, NDCC, must be determined by the extent of actual use over the prescriptive period, the trial court must determine the accurate dimensions of that use.

This opinion is not addressed to the situation where the owner permitted a private party or parties to travel over a portion of his land or permitted a private party to travel through to a farmstead over an extended period of time. In this opinion we are concerned with a prescriptive use turning the traveled portion into a public road.

On the basis of the foregoing, we reverse the district court's amended finding that Keidel Road was 40 feet wide and remand that issue for appropriate proceedings, including an evidentiary hearing and determination consistent with this opinion.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.