**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Gary MEYER, Defendant and Appellant.**

**No. 1036.**

Supreme Court of North Dakota.

Jan. 16, 1985.

As Amended Jan. 23, 1985.

James M. Vukelic, Asst. State's Atty., Mott, for plaintiff and appellee State of N.D.

Mike L. Halpern, Glen Ullin, for defendant and appellant.

VANDE WALLE, Justice.

In a criminal action tried to the Grant County court without a jury, Gary Meyer was found guilty of obstructing a public road in violation of Section 24–12–02, N.D. C.C. Obstructing a public road is a Class B misdemeanor. Sec. 24–12–05, N.D.C.C. We reverse.

On this appeal, Meyer divides his argument into seven "issues":

"I. Can the crossing over the Defendant's land be considered a road or highway?

"II. Does the County Judge have the authority to declare an alleged highway a public road or public highway?

"III. Does the decision of the County Court result in a taking of property without just compensation?

"IV. Did the Court err in determining that the use of the alleged road by the complaining witness was not permissive?

"V. Did the Court err in determining that the alleged road was in use for twenty (20) years in a nonpermissive manner?

"VI. Was the evidence such that it could be called clear and convincing so as to find a public road?

"VII. May the Defendant be convicted of the crime of obstructing a public road on March 14, 1984, when the alleged road wasn't declared public until May 24, 1984, the date of the conviction?"

Because we consider some, but not all, of the issues dispositive of the appeal before us, we will discuss only those issues which are necessary to our disposition of the matter.

We are unable to discern from the record whether the trial court determined that the violation occurred because Meyer obstructed a portion of a section line or whether the trial court determined that a road across part of Meyer's property—which road was alleged to be a public road acquired by prescription—was a public road which Mey-

er obstructed. The basis for the trial court's decision is important because there is no doubt that a section line is open for public travel although there is no improved road thereon and without the necessity of any prior action by a board of township supervisors or county commissioners. See, e.g., *DeLair v. County of LaMoure,* 326 N.W.2d 55 (N.D.1982).

It appears from the record before us, however, that the issue before the trial court was whether or not the road in question was a public road by virtue of Section 24–07–01, N.D.C.C., which provides that all public roads and highways within this State which have been or which shall be open and in use as such, during twenty successive years, are public roads or highways whether or not they have been laid out, established, and opened lawfully. Thus Meyer was charged in the complaint with "obstruct[ing] a public road or highway located in the Northeast Quarter ... of Section 14, Township One Hundred Thirty-three ... North, Range Eighty-nine ... West, Grant County, with intent to prevent the free use of said road by the public; ..." in violation of Section 24–12–02, N.D.C.C. Section 24–12–02 prohibits the obstructing of any public highway in any manner with intent to prevent the free use thereof by the public. On the other hand, Section 24–06–28, N.D.C.C., prohibits the obstruction of section lines. Furthermore, a review of the transcript of testimony at trial reveals that most, if not all, of the evidence concerned whether or not the road which Meyer obstructed was a public road by virtue of Section 24–07–01, N.D.C.C. Finally, there appears to be no dispute but that Meyer obstructed the road. Thus, for the purposes of this appeal, we view the trial court's determination to be that Meyer obstructed a public road which had been ac-

quired through prescription as set forth in Section 24–07–01, N.D.C.C. Because we consider the last issue raised by Meyer, i.e., the issue of whether or not Meyer could be "convicted of the crime of obstructing a public road on March 14, 1984, when the alleged road wasn't declared public until May 24, 1984, the date of the conviction" as controlling, we discuss only that issue. A recitation of additional facts is not necessary in our disposition of this issue.

We are concerned with the procedure employed in this instance, whereby a defendant is charged with the crime of obstructing a public road and at the criminal trial the primary, and most probably the only, issue is whether or not the road is a public road by virtue of Section 24–07–01, N.D.C.C. We recognize the courts in some jurisdictions have indicated their approval of trying the issue of whether or not a road is a public road by prescription in the context of a criminal action charging obstruction of that particular road. See, e.g., *State v. Nesbitt,* 79 Idaho 1, 310 P.2d 787 (1957); *State v. Teeters,* 97 Iowa 458, 66 N.W. 754 (1896); *State v. Eisele,* 37 Minn. 256, 23 N.W. 785 (1887); *State v. White,* 96 Mo.App. 34, 69 S.W. 684 (1902);[1] *State v. Brown,* 72 N.M. 274, 383 P.2d 243 (1963). Some of these decisions pose the issue in the form of whether or not the particular statute in question made knowledge that the road was a public road a part of the statute. See 40 C.J.S. *Highways* § 230 (1944).

However, where, as here, there is a legitimate dispute as to whether or not the necessary requirements have been met to make the road in question a road by prescription as specified in Section 24–07–01, N.D.C.C.,[2] a criminal action is ill-suited to a settlement of that dispute.[3] Rather, we

---

1. The decision in *State v. White,* 96 Mo.App. 34, 69 S.W. 684 (1902), may be open to question in view of the subsequent decision in *State v. Hardy,* 21 S.W.2d 229 (Mo.App.1929).

2. In *Berger v. Berger,* 88 N.W.2d 98 (N.D.1958), this court indicated that to establish a highway by prescription, there must have been general, continuous, uninterrupted, hostile, and adverse

use of the road as a public road under a claim of right for a period of twenty years.

3. The State's argument that the question of whether or not a particular road has become a public road through prescription should be determined in the context of a criminal action presumably indicates a concession by the State that it must prove the road is a public road

believe the proper procedure is to institute a civil action wherein the issue of whether or not the road in question has become a public road by prescription may be determined in the atmosphere of civil, rather than criminal, litigation. That procedure appears to be the procedure commonly used in North Dakota in the past to settle these disputes. See, e.g., *Mohr v. Tescher*, 313 N.W.2d 737 (N.D.1981); *Backhaus v. Renschler*, 304 N.W.2d 87 (N.D.1981); *Keidel v. Rask*, 290 N.W.2d 255 (N.D.1980); *Berger v. Berger*, 88 N.W.2d 98 (N.D.1958); *Berger v. Morton County*, 57 N.D. 305, 221 N.W. 270 (1928).

The State argues that leaving the issue of whether or not the road in question is a public road by prescription to the trier of fact in a criminal action is no different from leaving to the trier of fact the issue of whether or not a structure is a "building" within the meaning of a burglary statute. See *State v. Walker*, 319 N.W.2d 414 (Minn.1982). In view of the requirements necessary to establish a public road by prescription [see *Berger v. Berger, supra*], we believe the differences between the two situations are obvious.

The State also argues that the person complaining of the obstruction of the road should not have to endure the expense of instituting a civil action to have a court declare the road a public road by prescription. We do not believe this argument justifies a criminal action rather than a civil action. If the State's Attorney deems it appropriate that the State institute an action on behalf of the public who presumably would travel the road, the State may institute a civil action to have the road declared a public road. *Cf. State v. District Court*, 19 N.D. 819, 124 N.W. 417 (1910); Myhre, *Attorney General of North Dakota*, 52 N.D.L.Rev. 349 (1975).

The judgment of conviction is reversed and we remand the case to the trial court with the direction that it enter a judgment of acquittal.

GIERKE, J., concurs.

ERICKSTAD, C.J., concurs in the result.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.

PEDERSON, Surrogate Judge, dissenting.

The majority opinion creates serious problems for the future. By judicial legislation, this Court has cast grave doubts on the application of some long-standing and universal rules by which we live and has announced an exception which has parameters that are hazy and, in my opinion, not at all obvious.

Ordinarily, whenever a criminal conviction has been challenged on appeal as being unsupported by the evidence we have applied the familiar rule that:

> "A challenge to the sufficiency of the evidence to sustain a conviction requires us to make a comparatively limitative review of the evidence presented at trial. Although the jury is entitled to judge the credibility of witnesses and determine the relative weight to be given their testimony, we are not. Rather, we must look only to the evidence which favors the verdict and accept all the reasonable inferences therefrom to see if the trier of fact could reasonably conclude that the essential elements of the crime were established beyond a reasonable doubt." (Citations omitted.) *State v. Demery*, 331 N.W.2d 7, 10 (N.D.1983).

See also *State v. Ohnstad*, 359 N.W.2d 827 (N.D.1985); *State v. Thompson*, 359

---

beyond a reasonable doubt. This court in *Berger v. Berger*, 88 N.W.2d 98 (N.D.1958), held that to establish a road over the land of another by prescription the evidence must be clear and convincing. Requiring the State to prove the existence of the road beyond a reasonable doubt favors Meyer and he cannot use such an argu-

ment to overturn his conviction. See *State v. Goetz*, 312 N.W.2d 1 (N.D.1981). However, from the standpoint of the public, proof that the road is a public road by prescription should have to be established only by evidence that is clear and convincing—not evidence beyond a reasonable doubt.

N.W.2d 374 (N.D.1985); *State v. Voeller,* 356 N.W.2d 115, 117 (N.D.1984).

In 1975, the North Dakota legislative assembly enacted a statute requiring a civil proceeding as a prerequisite to criminal liability. See § 12.1–27.1–05, NDCC, relating to obscenity control. It was repealed by § 1, Chapter 157, S.L. 1981. My research has disclosed no other law or precedent for the proclamation that public roads by prescription are not public roads at all until declared to be so by a civil judgment.

I am convinced that the implication of this opinion will have an impact far beyond the little neighborly *Hatfield v. McCoy* type feuds over remote rural roads where pheasant hunters may occasionally stray uninvited. For the future practice of traffic and criminal law, this decision opens a pandora's box.

Each highway, street and road (including alley) is a "public way" and falls within the generic term "public road." See § 24–01–01.1(20), NDCC. Chapter 24–12, NDCC, prohibits more than public road obstruction and many of the title 39, NDCC, offenses relate to activities on "public roads."

"Public road" travellers on I–94, US–83, ND–200, and even Second Street in Bismarck will have to be warned in the future that the right-of-way ahead may have been acquired by gift, purchase, condemnation or perhaps "prescription." In that way the traveller will know that if he suddenly encounters an obstruction or a plowed-up roadway, he may proceed by civil action to obtain a declaration that the road is a "public road" after which the appropriate law enforcement agencies may proceed with criminal prosecution.

Meyer's conviction should be affirmed.

Surrogate Judge PEDERSON participated in this case by assignment pursuant to § 27–17–03, NDCC.